# FRANCISCO MERCADO *v.* COMMISSIONER OF CORRECTION
## (AC 24517)

Foti, Flynn and McLachlan, Js.

Submitted on briefs September 16—officially released November 9, 2004

*Sean K. Crowshaw*, special public defender, filed a brief for the appellant (petitioner).

*James E. Thomas*, state's attorney, *Eileen F. McCarthy*, assistant state's attorney, and *Donna Mambrino*, senior assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Francisco Mercado, appeals following the denial by the habeas court of his petition for certification to appeal from its judgment denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court abused its discretion when it denied his petition for certification to appeal and committed plain error when it failed to conclude that his guilty plea was not knowingly made. We dismiss the petitioner's appeal.

The following facts and procedural history are relevant to our resolution of this appeal. In August, 2001, the petitioner entered a plea pursuant to the *Alford* doctrine; see *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970); in several criminal

matters then pending in the judicial district of Waterbury. The trial court sentenced the petitioner to a term of incarceration of fourteen years to be followed by a period of special parole. In March, 2002, the petitioner filed a petition for a writ of habeas corpus. In an amended petition, the petitioner claimed that (1) his trial counsel had rendered ineffective assistance, (2) his plea was unknowing and involuntary because his trial counsel had coerced him into pleading as he did, (3) his plea was unknowing and involuntary because the court conducted a "confused and inadequate" plea allocution, and (4) he is actually innocent. The habeas court conducted a hearing and issued a thorough and well reasoned memorandum of decision in which it rejected the petitioner's claims and denied the petition for a writ of habeas corpus. The court subsequently denied the petitioner's petition for certification to appeal. This appeal followed.

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Guadalupe* v. *Commissioner*

*of Correction*, 83 Conn. App. 180, 182, 849 A.2d 883, cert. denied, 270 Conn. 911, 853 A.2d 525 (2004).

We conclude that the petitioner has failed to satisfy the threshold requirement of demonstrating that the court abused its discretion in denying his petition for certification to appeal. On appeal, the petitioner argues that the trial court's canvass was constitutionally infirm because the trial court, in putting him to plea under General Statutes § 53a-136a for robbery involving an occupied motor vehicle, did not canvass him with regard to whether he had committed a robbery. Although the petitioner challenged aspects of the court's canvass in his petition for a writ of habeas corpus, he did not raise that claim before the habeas court. The petitioner concedes that fact yet posits that this court, in the interest of justice, should conclude that "the habeas court's refusal to sua sponte [conclude that the canvass was infirm on this ground] constitutes plain error pursuant to Practice Book § 60-5."

"[T]his court is not bound to consider a claimed error unless it appears on the record that the question was distinctly raised at trial and was ruled upon and decided by the court adversely to the appellant's claim." (Internal quotation marks omitted.) *Hunnicutt* v. *Commissioner of Correction*, 83 Conn. App. 199, 203, 848 A.2d 1229, cert. denied, 270 Conn. 914, 853 A.2d 527 (2004). This court has stated that review of claims not raised before the habeas court "would amount to an ambuscade of the [habeas] judge." (Internal quotation marks omitted.) Id. Here, however, the petitioner seeks plain error review. "[P]lain error review is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . . [An appellant] cannot prevail under [the plain error doctrine] . . . unless he demonstrates that the claimed error is both so clear and so harmful that a

failure to reverse the judgment would result in manifest injustice." (Internal quotation marks omitted.) *State* v. *McKiernan*, 84 Conn. App. 31, 37, 851 A.2d 1198 (2004).

The petitioner did not raise his claim of plain error in his petition for certification to appeal. Essentially, the petitioner asks us to conclude that the habeas court abused its discretion with regard to this claim. He does so despite the undisputed fact that he never asked the habeas court to consider this claim, which he also did not raise in his petition for a writ of habeas corpus, when asking the court to rule on his petition for certification to appeal. The court could not abuse its discretion in denying the petition for certification about matters that the petitioner never raised. Accordingly, we conclude that the court did not abuse its discretion in denying the petition for certification to appeal on the basis of this claim.

The appeal is dismissed.