******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# WILLIAM ALBERT ARTIACO *v.* COMMISSIONER OF CORRECTION
## (AC 39862)

Lavine, Sheldon and Bishop, Js.

*Syllabus*

The petitioner, who had been convicted of the crimes of sexual assault in the first degree and risk of injury to a child, sought a writ of habeas corpus, claiming that his trial counsel had provided ineffective assistance. The habeas court rendered judgment denying the habeas petition and, thereafter, denied the petition for certification to appeal, and the petitioner appealed to this court. *Held* that the petitioner's claims that the habeas court erred in concluding that he was not denied the effective assistance of trial counsel and denying his petition for certification to appeal were not reviewable, the petitioner having failed to brief those claims adequately; the petitioner cited to no specific claim of error by the habeas court either in any heading or in the text of his brief, and he failed to identify which of the habeas court's determinations he was challenging and to present any legal or factual analysis in support of his broad claims that the habeas court erred in rejecting his ineffective assistance of trial counsel claim and denying his petition for certification to appeal.

Argued January 10—officially released March 13, 2018

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Sferrazza, J.*, rendered judgment denying the petition; thereafter, the court denied the petition for certification to appeal, and the petitioner appealed to this court. *Appeal dismissed.*

*Robert J. McKay*, assigned counsel, for the appellant (petitioner).

*Michael J. Proto*, assistant state's attorney, with whom, on the brief, was *Anne F. Mahoney*, state's attorney, for the appellee (respondent).

*Opinion*

SHELDON, J. The petitioner, William Albert Artiaco, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus. The petitioner claims that the habeas court erred in concluding that he was not denied the effective assistance of trial counsel and denying his petition for certification to appeal.[1] Because the petitioner has failed to adequately brief his claims of error, we decline to review them, and thus dismiss the petitioner's appeal.

The habeas court set forth the following relevant procedural history. "The petitioner . . . seeks habeas corpus relief from a total, effective sentence of imprisonment for twenty years and ten years special parole, imposed following a jury trial at which the petitioner was convicted of sexual assault first degree and risk of injury to a minor in a file denoted as CR-09-0151382-0; and sexual assault first degree and risk of injury to a [child] in a second file denoted CR-09-0138933-T. The latter case had been transferred to the Windham Judicial District from the Hartford Judicial District for companionized adjudication. On June 21, 2013, the Appellate Court dismissed the appeal from the judgments of conviction because no appellate brief was filed in accordance with that court's orders, *State* v. *Artiaco*, AC 34962.

"The amended petition sets forth . . . a claim of ineffective assistance of trial counsel[2] . . . .

"At his criminal trial, Attorney Christopher Grotz represented the petitioner, and the petitioner specifies twenty ways in which trial counsel was ineffective, to wit:

"a. Trial counsel failed to sufficiently prepare for the petitioner's jury trial;

"b. Trial counsel agreed to represent the petitioner knowing that he lacked experience in litigating sexual assault cases;

"c. Trial counsel failed to secure, subpoena or otherwise arrange to have witnesses known to the trial counsel available for trial to provide exculpatory testimony on behalf of the petitioner who would have undermined the credibility of the state's witnesses and who would have provided testimony which would have been helpful in supporting and/or corroborating the petitioner's defense;

"d. Trial counsel failed to file motions to prevent or object to the transfer of docket number CR-09-0151382-0 from the Superior Court at the Hartford Judicial District to the Superior Court at Danielson G.A. # 11;

"e. Trial counsel failed to file a Motion to [Sever] at the Superior Court at Danielson G.A. # 11 to request

separate trial on docket numbers CR-09-0151382-0 and CR-09-0138933-T;

"f. Trial counsel failed to file a motion in limine to challenge the state's introduction of prior misconduct to ensure that the court and state adhere to the guidelines set forth in *State* v. *Troupe*, 237 Conn. 284, [677 A.2d 917] (1996), during the jury trial;

"g. Trial counsel failed to file and/or argue a motion in limine to ensure that the testimony of the state's medical expert witness Dr. Nina Livingston would be limited to the general behavioral characteristics of sexual abuse victims and not cross the line into impermissible vouching and ultimate issue testimony, pursuant to the holding within *State* v. *Favoccia*, 119 Conn. App. 1, [986 A.2d 1081] (2010), [aff'd, 306 Conn. 770, 51 A.3d 1002 (2012)];

["h. Trial counsel failed to file and/or argue a motion in limine to ensure that the testimony of the state's [medical] expert witness Diane Edell would be limited to the general behavioral characteristics of sexual abuse victims and not cross the line into impermissible vouching and ultimate issue testimony, pursuant to the holding within *State* v. *Favoccia*, (supra,) 119 Conn. App. 1;]

"i. Trial counsel failed to secure, subpoena or otherwise arrange to have [Department of Children and Families] records introduced as exhibits and/or available for trial for impeachment of witnesses;

"j. Trial counsel failed to identify, pursue, investigate and present any defense prior to and during the petitioner's jury trial;

"k. Trial counsel did not sufficiently cross-examine and make further inquiry of the state's witnesses to impeach their credibility;

"l. Trial counsel failed to subpoena or otherwise arrange to have witnesses available to testify at trial that would have testified favorably for the petitioner;

"m. Trial counsel did not adequately investigate the evidence and/or the state witnesses prior to trial;

"n. Trial counsel failed to properly retain an appropriate expert in regarding interviewing child victims of sexual abuse to counter the state's evidence and/or testimony of the state's witnesses at trial;

"o. Trial counsel failed to adequately prepare defense witnesses for direct and/or cross-examination during the jury trial;

"p. Trial counsel failed to conduct any investigation of the state's witnesses and/or its evidence in the preparation of the petitioner's jury trial;

"q. Trial counsel failed to adequately prepare the testimony of the petitioner's expert witness Dr. James J. Connolly prior and/or during the jury trial;

"r. Trial counsel failed to sufficiently research and prepare an argument to the court in anticipation of offering the testimony of the petitioner's expert witness Dr. James J. Connolly during the jury trial;

"s. Trial counsel made inappropriate comments in his closing that the complainant had been actually sexually assaulted, thus bolstering her credibility and undermining the petitioner's denial of guilt;

"t. Trial counsel improperly argued third-party culpabililty during his closing argument, knowing that there was no permissible inference based on the state's evidence for such argument, resulting in the appearance of impropriety before the jury through the trial court's admonition that there was no evidence that anyone other than the petitioner committed the alleged crimes." (Footnote added.)

The habeas court summarily rejected ten of the petitioner's specifications of ineffective assistance on the ground that the petitioner provided no credible evidence to support those allegations, specifically, grounds a, b, c, i, j, k, l, m, o, and p. The habeas court addressed the petitioner's remaining allegations of ineffective assistance, explaining the factual and legal bases for each of them. The court found that the petitioner failed to prove deficient performance as to his allegations that: Grotz failed to prevent his two criminal cases from being tried together (d and e); Grotz failed to file motions in limine to prohibit Livingston and Edell from testifying about the victim's credibility and the ultimate question of whether she was sexually abused (g and h); that better preparation by Grotz would have altered the trial court's ruling to preclude his expert's testimony (q and r); and Grotz's belated presentation of a third-party culpability defense during final argument amounted to a concession that the victim had been sexually abused and prompted the trial court to state, in the jury's presence, that such a defense was baseless and improper (s and t). The habeas court found that Grotz's performance was deficient in failing to file motions in limine to restrict constancy of accusation testimony (f), but that the petitioner had failed to prove that he was prejudiced by said deficiency. The court also found that the petitioner had failed to prove that he was prejudiced by Grotz's failure to retain an appropriate expert regarding the conduct of the interviews of the victim (n). The court thus denied the petition for a writ of habeas corpus based upon the alleged ineffective assistance of trial counsel. The habeas court thereafter denied certification to appeal, and this appeal followed.[3]

On appeal, the petitioner frames the substantive issue for our review as "whether the habeas court erred in denying the habeas petition where trial counsel was ineffective and prejudice resulted." He cites to no spe-

cific claim of error by the habeas court, either in any heading or in the text of his brief. "Ordinarily, [c]laims are inadequately briefed when they are merely mentioned and not briefed beyond a bare assertion. . . . Claims are also inadequately briefed when they . . . consist of conclusory assertions . . . with no mention of relevant authority and minimal or no citations from the record . . . . As a general matter, the dispositive question in determining whether a claim is adequately briefed is whether the claim is reasonably discernible [from] the record . . . ." (Citation omitted; internal quotation marks omitted.) *In re Elijah C.*, 326 Conn. 480, 495, 165 A.3d 1149 (2017). "We are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Internal quotation marks omitted.) *State* v. *Fowler*, 178 Conn. App. 332, 345, 175 A.3d 76 (2017), cert. denied, 327 Conn. 999, 176 A.3d 556 (2018).

Although the petitioner set forth the standards of review pertaining to his claims that the court erred in rejecting his claim of ineffective assistance of trial counsel and denying his petition for certification to appeal, he fails to present any legal or factual analysis in support of those broad claims. In fact, in his brief to this court, the petitioner fails to identify which of the habeas court's determinations he is challenging, either by way of putting headings on his arguments or addressing them in the text of his purported analysis. In his thirty-five page brief, the petitioner begins his "argument" on page thirty, commencing with a paragraph that exceeds two full pages in length and can only be described as a stream of consciousness condemnation of Grotz's representation of the petitioner at his criminal trial. The petitioner refers broadly and vaguely to various allegations of errors and omissions by Grotz at the petitioner's criminal trial. The pages that follow fare no better. The petitioner's "argument" consists only of allegations of deficient performance—both vague and conclusory—with no reference whatsoever to the habeas court's resolution of those allegations. His brief is devoid of any claim of error by the habeas court. In the absence of specific challenges to the habeas court's rulings, it goes without saying that his brief is bereft of any legal analysis challenging those rulings.

The petitioner's reply brief is a scant improvement over his initial brief. There, the petitioner focuses primarily on alleged inadequacies in the respondent's brief. Although he does make passing mention of certain alleged errors by the habeas court, he again fails to set forth, in any coherent fashion, legal or factual analyses in support of his claim that the habeas court erred in denying any aspect of his claim of ineffective assistance of counsel. Like his initial brief, the petitioner's reply brief is riddled with incomplete and incomprehensible

sentences. His briefs are a model of abstract and conclusory assertions, rendering his claims indiscernible and, thus, unreviewable.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] The petitioner also claimed that he was denied the effective assistance of appellate counsel. The habeas court agreed, and thus restored the petitioner's appellate case, *State* v. *Artiaco*, AC 34962, to the docket for scheduling of briefs in accordance with the rules and protocols of this court. That appeal remains pending.

[2] See footnote 1 of this opinion.

[3] In his petition for certification to appeal, the petitioner did not specify which of the habeas court's findings or conclusions he sought to challenge on appeal. Instead, he broadly asserted that the habeas court erred in denying his claim of ineffective assistance because he had proven the claim by a preponderance of the evidence.