******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ANGEL VILLAFANE *v.* COMMISSIONER OF
CORRECTION
(AC 40615)

Keller, Moll and Bishop, Js.

*Syllabus*

The self-represented petitioner, who had been convicted of burglary in the
first degree and criminal violation of a protective order, sought a writ
of habeas corpus, claiming that his trial counsel had rendered ineffective
assistance. The habeas court rendered judgment denying the habeas
petition and, thereafter, denied the petition for certification to appeal,
and the petitioner appealed to this court. *Held* that the petitioner's claim
that the habeas court abused its discretion in denying his petition for
certification to appeal with respect to the issue of whether the court
properly denied his motions to appoint habeas counsel was not review-
able: because the petitioner did not include that claim as a potential
ground for appeal in his petition for certification to appeal, he could
not demonstrate that the habeas court abused its discretion in denying
the petition for certification to appeal concerning an issue that was
never before the habeas court when it considered the petition for certifi-
cation, nor could this court review an exercise of discretion that did
not occur, and because the petitioner adequately preserved this claim
by raising, in both written and oral motions, requests for the appointment
of habeas counsel, which were ultimately denied by the habeas court,
the petitioner's reliance on the plain error doctrine for review of his
claim was misplaced, and this court, thus, declined to review the claim
under the plain error doctrine; moreover, the petitioner's claim that the
habeas court abused its discretion in denying his petition for certification
to appeal with respect to the issue of whether his trial counsel rendered
ineffective assistance was not reviewable, the petitioner having failed
to brief the claim adequately.

Argued January 9—officially released June 11, 2019

*Procedural History*

Petition for a writ of habeas corpus, brought to the
Superior Court in the judicial district of Tolland and
tried to the court, *Sferrazza, J.*; judgment denying the
petition; thereafter, the court denied the petition for
certification to appeal, and the petitioner appealed to
this court. *Appeal dismissed.*

*Cheryl A. Juniewic*, assigned counsel, for the appel-
lant (petitioner).

*Nancy L. Walker*, assistant state's attorney, with
whom, on the brief, were *Kevin D. Lawlor*, former
state's attorney, and *Angela R. Macchiarulo*, senior
assistant state's attorney, for the appellee (respondent).

*Opinion*

KELLER, J. The petitioner, Angel Villafane, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus. The petitioner claims that the habeas court abused its discretion in denying his petition for certification to appeal and improperly (1) denied his motions to appoint habeas counsel, and (2) rejected his claim that his trial counsel provided ineffective assistance. We disagree and, accordingly, dismiss the petitioner's appeal.

The following facts and procedural history are relevant to our resolution of this appeal. On December 17, 2014, the petitioner pleaded guilty to one count of burglary in the first degree in violation of General Statutes § 53a-101 (a) (2) and one count of criminal violation of a protective order in violation of General Statutes § 53a-223. The petitioner also admitted to violating his probation in two instances and violating a conditional discharge in violation of General Statutes § 53a-32. According to the factual basis provided by the state at the petitioner's plea hearing, the petitioner forced his way into a house occupied by a woman with whom he had a previous relationship, where he proceeded to strike her "several times in the head, and then grabbed a knife from the kitchen and attempted to stab her . . . ." The prosecutor indicated that the woman's daughter called the police, and, at that time, the petitioner fled from the residence. After canvassing the petitioner, the court determined that the pleas had been "knowingly and voluntarily made" and were supported by a factual basis.

At the petitioner's sentencing hearing on February 25, 2015, the court imposed a total effective sentence of eight years incarceration followed by seven years of special parole. The court terminated the other probations that the petitioner was serving at the time.

On June 29, 2015, the petitioner, who was self-represented at the time, filed a petition for a writ of habeas corpus. The petitioner alleged, inter alia, that he was living at the victim's house on the day on which the crime was committed. He contended that, because he lived there, he "could not be guilty of burglary in the first degree . . . ." Based on this contention, he alleged that his attorney at the time of the plea hearing, public defender David Egan, provided ineffective assistance by recommending that he plead guilty to that crime and "take [nine] years and [seven] years special parole." Id. He also contended that Egan never "did his due diligence to remotely look into fighting" his case, nor did he investigate "the facts in the case or the witnesses . . . ." Additionally, the petitioner asserted that Egan and the trial court, *Iannotti, J.*, had violated his sixth and fourteenth amendment rights because Egan was

ineffective and the trial court had refused to grant his motion to dismiss Egan as his attorney.

In his return, the respondent, the Commissioner of Correction, indicated that he was without sufficient information to admit or deny any of the factual allegations contained in the petitioner's petition for a writ of habeas corpus. As such, the respondent indicated he would leave the petitioner to his proof.

On July 9, 2015, after the court received the petition for a writ of habeas corpus, it referred the petitioner to the Office of the Chief Public Defender for appointment of counsel. On August 17, 2015, Attorney James Ruane and his law firm, Ruane Attorneys at Law, entered an appearance on the petitioner's behalf. On December 6, 2016, however, the petitioner moved to dismiss counsel because, in his view, since the time he was appointed counsel, the petitioner had been "represented by [three] different attorneys" from the firm. He argued that each of the attorneys had "done nothing at all in the petitioner's case" and that his most recent attorney, Daniel F. Lage, had refused to investigate his case. The petitioner requested that the habeas court dismiss Lage and permit him to represent himself, and that a trial be scheduled for March 20, 2017.

On January 30, 2017, the habeas court, *Bright, J.*, heard arguments on the petitioner's motion to dismiss counsel. After canvassing the petitioner and cautioning him about the challenges of self-representation, the court stated: "[The petitioner] has thought through this. He understands the challenges of representing himself, but he's been working diligently in preparing his case. He has a right to represent himself. He says he's prepared to go to trial. I'm going to grant his motion."

On May 9, 2017, fifteen days before the habeas trial was scheduled to begin, the petitioner filed a written motion with the habeas court for "[appointment] of special counsel." The petitioner indicated in the motion that he wanted "special counsel to assist the petitioner with his habeas case." The court, *Sferrazza, J.*, who presided over the habeas trial, denied the motion, indicating that the "petitioner specifically asked to dismiss appointed counsel and proceed [self-represented]."

The petitioner's habeas trial was held on May 24, 2017. At the outset of the proceeding, the petitioner renewed his request for counsel to assist him in his representation. He stated: "Now, being that I got the private investigator and the expert psychologist to do the work . . . I need . . . an attorney to be able to help me represent this because I'm having problems to understand why am I still being charged with burglary one when I live at that address and I have all the proof . . . ." The court responded: "[Y]ou don't get to pick and choose who your attorney is when you're having an appointed attorney. And the fact that you're disap-

pointed with the attorney or you hold the attorney in low regard or the attorney is not presenting the case the way you would want is not grounds for disqualifying the attorney and getting a new attorney. And you opted to represent yourself, and that's what you're doing. If I were to appoint a new attorney now, that would be like allowing indigents to pick and choose their own attorney, which is not allowed. So you'll have to proceed and do the best you can in representing yourself." The petitioner did not revisit his request for counsel.

At trial, the self-represented petitioner presented testimony from three witnesses, including himself, and offered twelve exhibits, nine of which were admitted into evidence. The respondent presented no evidence.

In a memorandum of decision dated May 26, 2017, the habeas court denied the petitioner's petition for a writ of habeas corpus. The court aptly observed that the petitioner claimed that trial counsel had rendered ineffective assistance by (1) failing to conduct adequate pretrial investigation and preparation, (2) failing to request that the petitioner undergo a competency examination pursuant to General Statutes § 54-56d, and (3) failing to advise the petitioner that one cannot burglarize one's own residence. The court concluded that the petitioner was unable to prevail on any of these claims.

Soon thereafter, the petitioner filed a petition for certification to appeal; see General Statutes § 52-470 (g); and an application for waiver of fees, costs, and expenses and appointment of counsel on appeal (fee waiver application). See General Statutes § 52-259b. He asserted the following grounds for his proposed appeal: "(1) I don't have money I'm flat broke," and "(2) my [sixth] and [fourteenth] amendment right[s] are violated. I have evidence to show that my . . . then Attorney Egan was ineffective and also the Milford court [*Iannotti, J.*] was bias[ed]. My due process was violated by the court [and] Attorney Egan." The habeas court denied the petition for certification to appeal but granted the fee waiver application and appointed counsel for purposes of the appeal. This appeal followed.

The petitioner claims that the habeas court abused its discretion in denying his petition for certification to appeal and improperly (1) denied his motions to appoint habeas counsel, and (2) rejected his claim that his trial counsel provided ineffective assistance.

Section 52-470 (g) provides: "No appeal from the judgment rendered in a habeas corpus proceeding brought by or on behalf of a person who has been convicted of a crime in order to obtain such person's release may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or, if such judge is unavailable, a judge of the Superior Court designated by the Chief Court Administrator, to certify that a question is involved in

the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies.''

As our Supreme Court has explained, one of the goals our legislature intended by enacting this statute was "to limit the number of appeals filed in criminal cases and hasten the final conclusion of the criminal justice process . . . ." *Iovieno* v. *Commissioner of Correction*, 242 Conn. 689, 699, 699 A.2d 1003 (1997). "[T]he legislature intended to discourage frivolous habeas appeals." *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994). "[Section] 52-470 (b)[1] acts as a limitation on the scope of review, and not the jurisdiction, of the appellate tribunal." (Footnote added.) *Logan* v. *Commissioner of Correction*, 125 Conn. App. 744, 750, 9 A.3d 776 (2010), cert. denied, 300 Conn. 918, 14 A.3d 333 (2011).

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Logan* v. *Commissioner of Correction*, supra, 125 Conn. App. 750–51.

"In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous. In other words, we review the petitioner's substantive claims for the purpose of ascertaining whether those claims satisfy one or more of the three criteria . . . adopted by [our Supreme Court] for determining the propriety of the habeas court's denial of the petition for certification." (Internal quotation marks omitted.) *Sanders* v. *Commissioner of Correction*, 169 Conn. App. 813, 821–22, 153 A.3d 8 (2016), cert. denied, 325 Conn. 904, 156 A.3d 536 (2017).

I

The petitioner first claims that the habeas court abused its discretion in denying his petition for certification to appeal with respect to the issue of whether

the habeas court properly denied his motions for the appointment of habeas counsel. The respondent argues, however, that the petitioner failed to raise this issue as a ground for appeal either by stating it in his petition for certification to appeal or in his fee waiver application on which he expressly relied in his petition for certification to appeal. Thus, the respondent argues that the petitioner is unable to claim on appeal that the court abused its discretion in denying his petition for certification to appeal on this ground. The petitioner acknowledges that he did not include this ground in his petition for certification to appeal but alternatively "seeks to prevail on his claim pursuant to the plain error doctrine." We address these arguments in turn.

It is well established that a petitioner cannot demonstrate that the habeas court abused its discretion in denying a petition for certification to appeal if the issue raised on appeal was never raised before the court at the time that it considered the petition for certification to appeal as a ground on which certification should be granted. See, e.g., *Henderson* v. *Commissioner of Correction*, 181 Conn. App. 778, 792, 189 A.3d 135, cert. denied, 329 Conn. 911, 186 A.3d 707 (2018); *Tutson* v. *Commissioner of Correction*, 144 Conn. App. 203, 216–17, 72 A.3d 1162, cert. denied, 310 Conn. 928, 78 A.3d 145 (2013); *Perry* v. *Commissioner of Correction*, 131 Conn. App. 792, 796–97, 28 A.3d 1015, cert. denied, 303 Conn. 913, 32 A.3d 966 (2011); *Mercado* v. *Commissioner of Correction*, 85 Conn. App. 869, 872, 860 A.2d 270 (2004), cert. denied, 273 Conn. 908, 870 A.2d 1079 (2005).

Although the petitioner argues in his appellate brief that the habeas court abused its discretion in denying his petition for certification to appeal with respect to the issue of whether the habeas court properly denied his motions for the appointment of habeas counsel, as stated previously, the petitioner recognizes that he did not include that claim as a potential ground for appeal in his petition for certification to appeal. This omission is fatal to his claim. As our decisional law makes clear, "[b]ecause it is impossible to review an exercise of discretion that did not occur, we are confined to reviewing only those issues which were brought to the habeas court's attention in the petition for certification to appeal." (Emphasis omitted; internal quotation marks omitted.) *Henderson* v. *Commissioner of Correction*, supra, 181 Conn. App. 792 ("[A] petitioner cannot demonstrate that the habeas court abused its discretion in denying a petition for certification to appeal if the issues that the petitioner later raises on appeal were never presented to, or decided by, the habeas court. . . . Under such circumstances, a review of the petitioner's claims would amount to an ambuscade of the [habeas] judge." [Internal quotation marks omitted.]).

Alternatively, the petitioner attempts to raise an independent claim on which to obtain reversal of the habeas court's denial of his petition for a writ of habeas corpus. In particular, he invokes the plain error doctrine pursuant to Practice Book § 60-5. He contends that the habeas court's denial of his written and oral motions for the appointment of counsel is an error so obvious that it affects the fairness and integrity of, and public confidence in, the judicial proceedings.

The respondent, however, argues that this court should not consider the petitioner's claim under the plain error doctrine because the petitioner has failed to establish a prerequisite for appellate review—i.e., that the habeas court abused its discretion in denying certification to appeal. In support of his argument urging us not to consider the petitioner's plain error claim, the respondent cites to the concurring opinion in *Foote* v. *Commissioner of Correction*, 151 Conn. App. 559, 573–74, 96 A.3d 587 (*Keller, J.*, concurring) ("[e]ngaging in a plain error analysis of claims never raised in connection with a petition for certification to appeal expands the scope of review and thwarts the goals that the legislature sought to achieve by enacting § 52-470 [g]"), cert. denied, 314 Conn. 929, 102 A.3d 709 (2014), and cert. dismissed, 314 Conn. 929, 206 A.3d 764 (2014), and to this court's decision in *Mercado* v. *Commissioner of Correction*, supra, 85 Conn. App. 872 (dismissing appeal from denial of certification to appeal because petitioner did not raise claim of plain error in petition for certification to appeal). The respondent argues, inter alia, that considering the petitioner's claim of plain error invites petitioners who have been denied certification to appeal to circumvent the bounds of limited review pursuant to § 52-470 (g) simply by couching wholly unpreserved grounds as plain error. The respondent correctly acknowledges, however, that in appeals from the denial of a petition for certification to appeal, this court previously has considered claims of plain error that were not included as potential grounds for appeal in a petition for certification to appeal. See, e.g., *Foote* v. *Commissioner of Correction*, supra, 151 Conn. App. 566–69 (in appeal from denial of certification to appeal, court considered claim of plain error not raised in petition for certification to appeal).

Despite this apparent inconsistency in this court's jurisprudence with respect to whether, in an appeal from the denial of a petition for certification to appeal, this court may consider a claim of plain error that was not raised as a ground on which certification should be granted, we need not attempt to resolve that reviewability issue in the present case. This is because we conclude that the petitioner's reliance on the plain error doctrine is flawed for a more fundamental reason, namely, the claim was adequately preserved during the habeas trial. The plain error doctrine is set forth at

Practice Book § 60-5, which provides in relevant part: "The court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The court may in the interests of justice notice plain error not brought to the attention of the trial court. . . ." The plain error doctrine "is an extraordinary remedy used by appellate courts to rectify errors committed at trial that, although unpreserved, are of such monumental proportion that they threaten to erode our system of justice and work a serious and manifest injustice on the aggrieved party. [T]he plain error doctrine . . . is not . . . a rule of reviewability. It is a rule of reversibility. That is, it is a doctrine that this court invokes in order to rectify a trial court ruling that, although either *not properly preserved or never raised* at all in the trial court, nonetheless requires reversal of the trial court's judgment, for reasons of policy. . . . In addition, the plain error doctrine is reserved for truly extraordinary situations [in which] the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . . Plain error is a doctrine that should be invoked sparingly. . . . Implicit in this very demanding standard is the notion . . . that invocation of the plain error doctrine is reserved for occasions requiring the reversal of the judgment under review. . . . [Thus, an appellant] cannot prevail under [the plain error doctrine] . . . unless he demonstrates that the claimed error is both so clear and so harmful that a failure to reverse the judgment would result in manifest injustice." (Emphasis added; internal quotation marks omitted.) *State* v. *Moore*, 293 Conn. 781, 823, 981 A.2d 1030 (2009), cert. denied, 560 U.S. 954, 130 S. Ct. 3386, 177 L. Ed. 2d 306 (2010).

In the present case, however, the petitioner did in fact raise, by written and oral motion, requests for the appointment of counsel, which were ultimately denied by the court. Because this claim was raised and ruled on by the habeas court and, thus, was properly preserved prior to and during the habeas trial, the petitioner's reliance on the plain error doctrine is misplaced. Cloaking the claim in plain error garb merely obfuscates the fact that the claim was raised and decided during the habeas trial.[2] If the petitioner desired appellate review of the court's denial of his motions, it was incumbent on him to include that issue as a ground for appeal in his petition for certification to appeal in order for the habeas court to rule on it. See General Statutes § 52-470 (g). Because he did not do so, we decline to afford it review. See *Tutson* v. *Commissioner of Correction*, supra, 144 Conn. App. 217.[3]

II

The petitioner also claims that the habeas court abused its discretion in denying his petition for certification to appeal with respect to the issue of whether

his trial counsel rendered ineffective assistance. The respondent contends that this court should forgo reviewing this claim because it is inadequately briefed. We agree with the respondent.

"Ordinarily, [c]laims are inadequately briefed when they are merely mentioned and not briefed beyond a bare assertion. . . . Claims are also inadequately briefed when they . . . consist of conclusory assertions . . . with no mention of relevant authority and minimal or no citations from the record . . . . As a general matter, the dispositive question in determining whether a claim is adequately briefed is whether the claim is reasonably discernible [from] the record . . . . We are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Citation omitted; internal quotation marks omitted.) *Artiaco* v. *Commissioner of Correction*, 180 Conn. App. 243, 248–49, 182 A.3d 1208, cert. denied, 328 Conn. 931, 184 A.3d 758 (2018).

In the petitioner's appellate brief, he provides only bare assertions that the habeas court abused its discretion in denying the petition for certification to appeal with respect to his claim that his trial counsel provided ineffective assistance. As we explained previously, "[i]n determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous." (Internal quotation marks omitted.) *Sanders* v. *Commissioner of Correction*, supra, 169 Conn. App. 821–22. Although the petitioner provides in his brief a "merits" section titled "The Habeas Court Erred in Denying Petitioner's Claim of Ineffective Assistance of Trial Counsel," it contains no analysis pertaining to his trial counsel's performance. Instead, he devotes the section to arguing that the habeas court should have appointed him habeas counsel.[4] Because his brief provides only conclusory assertions that the court abused its discretion in denying his petition for certification to appeal and provided this court with no analysis of how his trial counsel provided ineffective assistance, we decline to review this claim.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] Pursuant to No. 12-115, § 1, of the 2012 Public Acts, subsection (b) of § 52-470 was redesignated as subsection (g).

[2] In arguing that it is appropriate for this court to consider the claim under the plain error doctrine, the petitioner cites to *Foote* v. *Commissioner of Correction*, supra, 151 Conn. App. 566–69. *Foote* was an appeal brought by a petitioner from the denial of his petition for certification to appeal. Id., 560. He challenged the court's judgment denying certification to appeal on the ground that the court (1) abused its discretion and (2) committed plain error by failing to inquire adequately into his request for new habeas counsel.

Id. This court concluded that the petitioner was unable to challenge the habeas court's judgment denying certification to appeal on the ground that the court abused its discretion by failing to inquire adequately into his request for new habeas counsel because that ground was raised for the first time on appeal. Id., 565–66. This court, however, then considered whether the habeas court committed plain error by failing to inquire adequately into the petitioner's request for new counsel. Id., 566–69. Ultimately, this court concluded that the petitioner had failed to demonstrate an error that was "so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." Id., 569.

Although the court in *Foote* considered the claim of plain error despite the fact that the claim of plain error was not set forth by the petitioner as a ground on which certification should be granted in his petition for certification to appeal, it did not expressly state that the claim was not preserved at trial or otherwise explain why the claim fell within the ambit of the plain error doctrine. We conclude that the claim at issue in the present case, however, was preserved at trial and, thus, is not a claim that falls within the ambit of the plain error doctrine. The petitioner, who properly preserved the issue at his habeas trial, nonetheless chose not to present that issue to the habeas court, by way of his petition for certification to appeal, in order for the court to certify that the issue ought to be reviewed by an appellate court of this state. See General Statutes § 52-470 (g). Although some of our cases have categorized this omission as failing to preserve the claim for review, a petitioner's decision not to include an issue in his petition for certification to appeal that was preserved during the habeas trial itself is more akin to abandoning the claim.

[3] To the extent the petitioner is also claiming that the habeas court plainly erred in failing, sua sponte, to suspend trial and appoint counsel after certain testimony was elicited from the petitioner's expert witness at the habeas trial, we deem that claim inadequately briefed and, thus, abandoned. See *State* v. *Buhl*, 321 Conn. 688, 724, 138 A.3d 868 (2016) ("[a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly").

[4] To be sure, in this section of his brief, the petitioner argues that he "was denied the opportunity of representation by counsel *in his habeas proceeding*, let alone the opportunity to have effective representation of counsel in that proceeding. Due to the lack of appointed counsel and the petitioner's lack of understanding of the legal system, trial procedures in particular, the petitioner was unable to prevail at trial." (Emphasis added.)