******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ANGEL VILLAFANE *v.* COMMISSIONER
OF CORRECTION
(AC 43232)

Elgo, Suarez and DiPentima, Js.

*Syllabus*

The petitioner, who had been convicted, on a plea of guilty, to burglary in
the first degree and criminal violation of a protective order, sought a
writ of habeas corpus. The habeas court, on its own motion and without
providing the petitioner with prior notice or an opportunity to be heard,
dismissed the petitioner's amended petition pursuant to the rule of
practice (§ 23-29), concluding that the petitioner's guilty plea waived
any alleged constitutional defects not involving the court's jurisdiction
and that the complaint attacked only issues that were outside the juris-
diction of the habeas court. Thereafter, the habeas court denied the
petition for certification to appeal, and the petitioner appealed to this
court. *Held*:

1. The trial court abused its discretion in denying the petition for certification
   to appeal: in light of our Supreme Court's recent decisions in *Brown* v.
   *Commissioner of Correction* (345 Conn. 1), and *Boria* v. *Commissioner
   of Correction* (345 Conn. 39), the issue raised in the petitioner's petition
   for certification to appeal concerning the right to notice and a right to
   be heard prior to a dismissal under Practice Book § 23-29 was debatable
   among jurists of reason, a court could resolve the issue in a different
   manner, and the issue deserved encouragement to proceed further.

2. This court concluded that, although the habeas court was not required
   to hold a full hearing, the petitioner was entitled to notice of that court's
   intention to dismiss and an opportunity to file a brief or a written
   response concerning the proposed basis for dismissal, which it did not
   do; accordingly, on remand, should the habeas court consider dismissal
   of the amended petition, or any subsequent amended petition properly
   filed by the petitioner, on its own motion pursuant to Practice Book
   § 23-29, the court must comply with the procedure set forth in *Brown* and
   *Boria* by providing the petitioner with prior notice and an opportunity
   to submit a brief or written response addressing the proposed basis
   for dismissal.

Argued January 13, 2021—officially released December 13, 2022

*Procedural History*

Amended petition for a writ of habeas corpus,
brought to the Superior Court in the judicial district of
Tolland, where the court, *Newson, J.*, rendered judg-
ment dismissing the petition; thereafter, the court
denied the petition for certification to appeal, and the
petitioner appealed to this court. *Reversed*; *further pro-
ceedings*.

*Cheryl A. Juniewic*, for the appellant (petitioner).

*James M. Ralls*, assistant state's attorney, with whom
were *Angela R. Macchiarulo*, senior assistant state's
attorney, and *Matthew C. Gedansky*, state's attorney,
and, on the brief, *Rocco A. Chiarenza*, senior assistant
state's attorney, and *Margaret E. Kelley*, state's attor-
ney, for the appellee (respondent).

*Opinion*

SUAREZ, J. The petitioner, Angel Villafane, appeals, following the denial of his petition for certification to appeal, from the judgment of the habeas court dismissing, on its own motion, his amended petition for a writ of habeas corpus pursuant to Practice Book § 23-29.[1] The petitioner argues that the court abused its discretion in denying his petition for certification to appeal and claims that the court improperly dismissed his petition for a writ of habeas corpus without affording him an opportunity to be heard. We agree that the court abused its discretion by denying the petition for certification to appeal. Further, we conclude, in light of our Supreme Court's recent decisions in *Brown* v. *Commissioner of Correction*, 345 Conn. 1, 282 A.3d 959 (2022), and in *Brown*'s companion case, *Boria* v. *Commissioner of Correction*, 345 Conn. 39, 282 A.3d 433 (2022), that the habeas court improperly dismissed the petition for a writ of habeas corpus pursuant to § 23-29 without providing the petitioner with prior notice of its intention to dismiss, on its own motion, the petition and an opportunity to submit a brief or a written response addressing the proposed basis for dismissal. Accordingly, we reverse the judgment of the habeas court.

The following undisputed procedural history is relevant to our resolution of this appeal. "On December 17, 2014, the petitioner pleaded guilty to one count of burglary in the first degree in violation of General Statutes § 53a-101 (a) (2) and one count of criminal violation of a protective order in violation of General Statutes § 53a-223. The petitioner also admitted to violating his probation in two instances and violating a conditional discharge in violation of General Statutes § 53a-32. According to the factual basis provided by the state at the petitioner's plea hearing, the petitioner forced his way into a house occupied by a woman with whom he had [had] a previous relationship, where he proceeded to strike her 'several times in the head, and then grabbed a knife from the kitchen and attempted to stab her . . . .' The prosecutor indicated that the woman's daughter called the police, and, at that time, the petitioner fled from the residence. After canvassing the petitioner, the court determined that the pleas had been 'knowingly and voluntarily made' and were supported by a factual basis.

"At the petitioner's sentencing hearing on February 25, 2015, the court imposed a total effective sentence of eight years [of] incarceration followed by seven years of special parole. The court terminated the other probations that the petitioner was serving at the time." *Villafane* v. *Commissioner of Correction*, 190 Conn. App. 566, 567–68, 211 A.3d 72, cert. denied, 333 Conn. 902, 215 A.3d 160 (2019).

In 2015, the petitioner filed a petition for a writ of

habeas corpus in which he alleged that, in connection with the plea hearing that occurred in this case, his trial counsel had not provided effective assistance and that the trial court, *Iannotti, J.*, had improperly refused to grant his motion to dismiss his trial counsel. Id., 568. The petitioner appealed from the judgment of the habeas court, *Sferrazza, J.*, denying the petition for a writ of habeas corpus following its denial of his petition for certification to appeal. Id., 567. This court dismissed the petitioner's subsequent appeal. Id.

On August 16, 2017, the petitioner, in a self-represented capacity, filed a petition for a writ of habeas corpus in the present habeas action.[2] On August 28, 2017, the court granted the petitioner's application for waiver of fees and his request for the appointment of counsel. On April 11, 2018, the court granted the motion of the petitioner's appointed counsel, Attorney Robert O'Brien, to withdraw his appearance due to the petitioner's expressed desire to represent himself. On October 5, 2018, the petitioner, in a self-represented capacity, filed an amended petition for a writ of habeas corpus. On November 19, 2018, the respondent, the Commissioner of Correction, filed his return. On the same day, the petitioner filed his reply. On May 3, 2019, the parties filed a certificate of closed pleadings and the court issued a scheduling order that, among other things, set a trial date of September 25, 2019.

On May 14, 2019, the petitioner filed a motion requesting the appointment of standby counsel. On May 24, 2019, the petitioner filed a motion for summary judgment. The court did not rule on either of these motions.

On May 28, 2019, the court, *Newson, J.*, on its own motion, issued an order in which it dismissed the amended petition for a writ of habeas corpus. The court did not afford the petitioner prior notice of its intention to dismiss the amended petition or any opportunity to address the proposed basis for its dismissal. The court stated: "Upon review of the complaint . . . the court hereby gives notice pursuant to Practice Book § 23-29 that the matter has been dismissed for the following reasons: (1) The court lacks jurisdiction . . . . More specifically, the petitioner entered a guilty plea, which waived any alleged constitutional defects not involving the court's jurisdiction. . . .

"The complaint, read in a light most favorable to the petitioner, does not attack the voluntary, intelligent or knowing nature of the plea, but attacks the sufficiency of the evidence to support the plea, separation of powers, and the Code of Judicial Conduct, none of which falls within the jurisdiction of the habeas court. . . ." (Citations omitted; internal quotation marks omitted.)

Thereafter, the petitioner filed a petition for certification to appeal in accordance with General Statutes § 52-

470 (g).[3] One of the grounds on which the petitioner sought certification to appeal concerned the fact that the court had dismissed the appeal without affording him "the right to argue in opposition [to the dismissal] after being aware of the proposed grounds for such dismissal . . . ." The court denied the petition for certification to appeal. This appeal followed.[4]

Beyond arguing that the court abused its discretion in denying his petition for certification to appeal, the sole claim raised on appeal by the petitioner focuses on the propriety of the court's dismissal of the amended petition pursuant to Practice Book § 23-29, following the issuance of the writ and on its own motion, without affording him notice and a right to be heard with respect to the proposed grounds for the dismissal. On January 13, 2021, this court heard oral argument in this appeal. On October 17, 2022, we ordered the parties to file supplemental briefs "addressing the effect, if any, of *Brown* v. *Commissioner of Correction*, [supra, 345 Conn. 1], and *Boria* v. *Commissioner of Correction*, [supra, 345 Conn. 39], on this appeal, including whether, if the judgment of dismissal is reversed, the habeas court should be directed on remand 'to first determine whether any grounds exist for it to decline to issue the writ pursuant to Practice Book § 23-24.' *Brown* v. *Commissioner of Correction*, supra, 17 and n.11; *Boria* v. *Commissioner of Correction*, supra, 43." The parties have submitted briefs in compliance with our supplemental briefing order.

We first turn to the threshold argument that the court abused its discretion in denying the petition for certification to appeal. Our inquiry is well established. "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . A petitioner may establish an abuse of discretion by demonstrating that the issues are debatable among jurists of reason . . . [the] court could resolve the issues [in a different manner] . . . or . . . the questions are adequate to deserve encouragement to proceed further. . . . The required determination may be made on the basis of the record before the habeas court and applicable legal principles. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *Crespo* v. *Commissioner of Correction*, 292 Conn. 804, 811, 975 A.2d 42 (2009).

In light of our Supreme Court's decisions in *Brown* and *Boria*, we conclude that the issue raised in the petitioner's petition for certification to appeal concerning the right to notice and a right to be heard prior to a dismissal under Practice Book § 23-29 is debatable among jurists of reason, that a court could resolve the

issue in a different manner, and that the issue deserves encouragement to proceed further. Accordingly, we conclude that the court's denial of the petition for certification to appeal reflects an abuse of discretion.

Turning to the merits of the appeal, we conclude, as do the parties in their supplemental briefs, that *Brown* and *Boria*, both of which address claims similar to the claim before us, not only govern our resolution of the appeal but require a reversal of the judgment of dismissal. In *Brown*, the court concluded "that [Practice Book] § 23-29 requires the habeas court to provide prior notice of the court's intention to dismiss, on its own motion, a petition that it deems legally deficient and an opportunity to be heard on the papers by filing a written response. The habeas court may, in its discretion, grant oral argument or a hearing, but one is not mandated." *Brown* v. *Commissioner of Correction*, supra, 345 Conn. 4. In *Boria*, our Supreme Court adopted the reasoning and conclusions set forth in *Brown. Boria* v. *Commissioner of Correction*, supra, 345 Conn. 43.

In his principal appellate brief, the petitioner frames his claim in somewhat broad terms. He argues that the court acted improperly in that "[he] received no notice, constructive or otherwise, that the court was considering dismissing his habeas corpus petition. More importantly, the petitioner certainly did not have any opportunity to respond to the court's motion to dismiss his petition, nor did the court schedule a hearing regarding any potential dismissal." The petitioner further argues that the court denied him the "right to be heard" on the court's decision to sua sponte dismiss the amended petition. In portions of his argument, the petitioner also refers to the absence of a "hearing," stating that the court committed error in that he was "entitled to a hearing" with respect to the dismissal of the amended petition under Practice Book § 23-29 and that "no hearing was ever held" prior to the dismissal. We agree with the petitioner that, prior to the sua sponte dismissal, he was entitled to notice of the court's intention to dismiss and an opportunity to file a brief or a written response concerning the proposed basis for dismissal. *Brown* and *Boria*, however, do not support the petitioner's argument, echoed in his supplemental brief, that the court was obligated to hold a full hearing. As stated previously in this opinion, the court is not required to hold a full hearing but may exercise its discretion to do so in cases in which it is deemed to be appropriate.

We conclude that the proper remedy is for us to reverse the court's dismissal of the amended petition and to remand the case to the habeas court for further proceedings according to law. If the court considers dismissal of the amended petition, or any amended petition properly filed by the petitioner, on its own motion pursuant to Practice Book § 23-29, the court must com-

ply with the procedure set forth in *Brown* and *Boria* by providing the petitioner with prior notice of its proposed basis for dismissal and affording the petitioner at least an opportunity to submit a brief or written response addressing the matter.

We must next consider an additional issue concerning the proper course for the habeas court to take on remand. We note that the judgment of dismissal in the present case occurred prior to our Supreme Court's decision in *Gilchrist* v. *Commissioner of Correction*, 334 Conn. 548, 223 A.3d 368 (2020). In *Gilchrist*, our Supreme Court attempted to clarify the proper application of Practice Book §§ 23-24[5] and 23-29. In *Gilchrist*, the court stated that "the screening function of Practice Book § 23-24 plays an important role in habeas corpus proceedings, but it is intended only to weed out obviously and unequivocally defective petitions, and we emphasize that [b]oth statute and case law evince a strong presumption that a petitioner for a writ of habeas corpus is entitled to present evidence in support of his claims. . . . Screening petitions prior to the issuance of the writ is intended to conserve judicial resources by eliminating obviously defective petitions; it is not meant to close the doors of the habeas court to justiciable claims. Special considerations ordinarily obtain when a petitioner has proceeded pro se. . . . [I]n such a case, courts should review habeas petitions with a lenient eye, allowing borderline cases to proceed. . . . The justification for this policy is apparent. If the writ of habeas corpus is to continue to have meaningful purpose, it must be accessible not only to those with a strong legal background or the financial means to retain counsel, but also to the mass of uneducated, unrepresented prisoners. . . . Thus, when borderline cases are detected in the preliminary review under [Practice Book] § 23-24, the habeas court should issue the writ and appoint counsel so that any potential deficiencies can be addressed in the regular course after the proceeding has commenced." (Citations omitted; internal quotation marks omitted.) Id., 560–61. The court explained that, "[i]n contrast [to Practice Book § 23-24], Practice Book § 23-29 contemplates the dismissal of a habeas petition after the writ has issued on any of the enumerated grounds." Id., 561.

We note that, in *Brown*, the habeas court, relying on Practice Book § 23-29 and without having the benefit of our Supreme Court's decision in *Gilchrist*, sua sponte dismissed a petitioner's original habeas petition, which the petitioner had filed in a self-represented capacity. *Brown* v. *Commissioner of Correction*, supra, 345 Conn. 8. This occurred, however, after the writ had issued to commence the habeas proceeding and the court had granted the petitioner's request for the appointment of counsel and his application for a waiver of fees. Id. In reversing the judgment of dismissal on the grounds that the habeas court improperly failed to

afford the petitioner prior notice and an opportunity to submit a brief or written response, the court in *Brown* directed this court to remand the case to the habeas court with direction to first consider whether any grounds existed for it to decline to issue the writ under Practice Book § 23-24. Id., 17. The court explained that "[b]ecause the habeas court in the present case did not have the benefit of this court's decision in *Gilchrist*, the case must be remanded to the habeas court for it to first determine whether any grounds exist for it to decline to issue the writ pursuant to Practice Book § 23-24. If the writ is issued, and the habeas court again elects to exercise its discretion to dismiss the petitioner's habeas petition on its own motion pursuant to Practice Book § 23-29, it must . . . provide the petitioner with prior notice and an opportunity to submit a brief or a written response to the proposed basis for dismissal." (Footnote omitted.) Id., 17–18; see also *Boria* v. *Commissioner of Correction*, supra, 345 Conn. 43. In footnote 11 of its opinion, the court in *Brown* also stated: "We are aware that there are other cases pending before this court and the Appellate Court that were decided without the benefit of this court's decision in *Gilchrist*. . . . In cases decided prior to *Gilchrist*, the most efficient process to resolve those cases is to remand them to the habeas court to determine first whether grounds exist to decline the issuance of the writ." (Citation omitted.) *Brown* v. *Commissioner of Correction*, supra, 345 Conn. 17 n.11.

In the present case, the petitioner argues that because the writ has issued and the dismissal occurred after counsel was appointed to represent him, he had filed an amended petition, and the case had advanced to a stage in which a trial date had been set, "[t]here is no reason" for this court to remand the case to the habeas court with direction to consider whether it should decline to issue the writ under Practice Book § 23-24. The respondent urges us to conclude that, because the dismissal in the present case occurred prior to the official release of *Gilchrist*, this case "falls squarely within the remand order contemplated by the [Supreme Court] in *Brown* and *Boria*."

Although the present dismissal occurred prior to *Gilchrist*, we are not persuaded that we should apply the rationale in footnote 11 of *Brown* to the present case. Unlike in *Brown* and *Boria*, the dismissal in the present case occurred not merely after the writ had issued but after counsel had appeared on the petitioner's behalf and an amended petition was filed. In fact, in the present case, the petitioner filed the operative petition—his amended petition—nearly fourteen months after he filed his original petition. Although we recognize that the petitioner filed the amended petition in a self-represented capacity, the record suggests at a minimum that he did so after having received the advice of his assigned counsel concerning the merits of the

habeas action.[6] The fact that an amended petition had been filed at the time of the court's dismissal in this case leads us to conclude that the proper course on remand is not for the court to first consider whether declining to issue the writ under Practice Book § 23-24 is warranted. In so concluding, we rely on this court's recent decision in *Hodge* v. *Commissioner of Correction*, 216 Conn. App. 616,      A.3d      (2022), which addressed a very similar issue. In *Hodge,* this court reasoned that "[i]t would strain logic to construe footnote 11 of *Brown* as advising that we should direct the habeas court on remand to consider declining to issue the writ under § 23-24 vis-à-vis the amended petition, which was filed *after* the writ had been issued. Moreover, affording the habeas court on remand another opportunity to consider declining to issue the writ under § 23-24 vis-à-vis the original habeas petition, in effect, would vitiate the filing of the amended petition, which is not an outcome that we believe our Supreme Court in *Brown* intended." (Emphasis in original.) Id., 623–24.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

[1] Practice Book § 23-29 provides: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that:

"(1) the court lacks jurisdiction;

"(2) the petition, or a count thereof, fails to state a claim upon which habeas corpus relief can be granted;

"(3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition;

"(4) the claims asserted in the petition are moot or premature;

"(5) any other legally sufficient ground for dismissal of the petition exists."

[2] In this appeal, we do not address the grounds set forth in the petition for a writ of habeas corpus or the amended petition for a writ of habeas corpus as it is unnecessary for us to do so.

[3] General Statutes § 52-470 (g) provides: "No appeal from the judgment rendered in a habeas corpus proceeding brought by or on behalf of a person who has been convicted of a crime in order to obtain such person's release may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or, if such judge is unavailable, a judge of the Superior Court designated by the Chief Court Administrator, to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."

[4] In contrast to the proceedings before the habeas court, during the appeal process, the petitioner has been represented by counsel.

[5] Practice Book § 23-24 provides: "(a) The judicial authority shall promptly review any petition for a writ of habeas corpus to determine whether the writ should issue. The judicial authority shall issue the writ unless it appears that:

"(1) the court lacks jurisdiction;

"(2) the petition is wholly frivolous on its face; or

"(3) the relief sought is not available.

"(b) The judicial authority shall notify the petitioner if it declines to issue the writ pursuant to this rule."

[6] As stated previously in this opinion, on August 16, 2017, the petitioner filed his original petition in this case in a self-represented capacity. On August 28, 2017, the court granted the petitioner's request for the appointment of counsel. On April 11, 2018, the court granted appointed counsel's motion to withdraw his appearance. In that motion, counsel represented to the court that, during the course of his representation, he had had two in-person visits and one telephone conversation with the petitioner and had sent three separate letters to the petitioner concerning the merits of the habeas action.

He also stated that he had "investigated the case and discussed possible claims and limitations in pursuing [the habeas corpus action]." The petitioner's counsel also stated that he had provided the petitioner with a letter "which contained a summary of [counsel's] legal analysis and strategic recommendations" concerning the habeas corpus action. Counsel represented that, ultimately, the petitioner conveyed to him "that he desired to represent himself . . . ." The petitioner filed his amended petition in this case, acting once again in a self-represented capacity, on October 5, 2018.

───────────────────────────