STATE OF CONNECTICUT *v.* SILAS HARRIS
(5414)

DUPONT, C. J., HULL and DALY, Js.

Argued May 12—decision released June 30, 1987

*Joette Katz,* public defender, for the appellant (defendant).

*Roland D. Fasano,* assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (state).

DUPONT, C. J. The defendant was convicted by a jury of robbery in the first degree and conspiracy to commit robbery in the first degree, violations of General Statutes §§ 53a-48 and 53a-134 (a) (2) and possession of a sawed-off shotgun, a violation of General Statutes § 53a-211. The issues of this appeal are whether the court erred in its instructions on the crime of conspiracy to commit robbery in the first degree and whether the defendant was subjected to double jeopardy on the crime of possession of a sawed-off shotgun.

The defendant claims that the trial court failed, in its charge to the jury, to define adequately all of the elements of the crime of conspiracy to commit robbery in the first degree.[1] The defendant claims that he could

---

[1] General Statutes § 53a-48 provides: "(a) A person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees

not be found guilty of a conspiracy to commit robbery in violation of General Statutes § 53a-134 (a) (2)[2] unless he had a specific intent, not only to agree to commit a robbery but to agree that one of the conspirators be armed during the robbery. He argues that the court failed to instruct the jury that one of the elements of the crime of the conspiracy with which he was charged and which had to be proved by the state was his agreement that one of the conspirators be armed.

The relevant facts, as stated by the defendant in his brief, and agreed to by the state, are as follows. The victim worked for a grocery store. Two men entered the store, one of them carrying a shotgun or a rifle. He ordered the victim to give him money from the victim's person and the cash register. The second man had a handgun which he pointed at the victim's face. A witness who lived a short distance from the store saw a car parked in front of his house at the exact time of the robbery. The car had distinctive markings, and he specifically described it to the police shortly after the crime. The witness observed a driver inside the car and saw two men run from the grocery store, and jump into the car which had its motor running. The robbery was immediately reported and as a result of the witness' description of the car, the police were able to follow

with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy.''

[2] The state charged the defendant with a violation of General Statutes § 53a-134 (a) (2) which provides ''A person is guilty of robbery in the first degree when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime: . . . (2) is armed with a deadly weapon . . . .'' The state's information specifically referred to a sawed-off shotgun as the deadly weapon used.

The state's information as to the violation of General Statutes § 53a-48 did not specifically refer to the use of a sawed-off shotgun but did state that the overt act in pursuance of the conspiracy was the robbery as alleged in the first count of the information, that is, the violation of General Statutes § 53a-134 (a) (2).

the car. When a police officer first observed the car, there were three persons in it. Another officer saw two men exit the car before it was stopped by a third officer. At the time of the stop, only the driver, who was also subsequently arrested, remained in the car. The driver testified that the defendant was one of the two men who had entered the grocery store and that the defendant had carried a gym bag into the store, and returned to the car with it. This witness also testified that the defendant had said on the way to the store and prior to the crime that if anything happened, the defendant was "prepared to spray someone." The contents of the car found in it after it was stopped included a gym bag containing a sawed-off shotgun. The shotgun was operable.

"Conspiracy is an anticipatorial offense distinguished by a corrupt agreement by two or more persons to commit a specific objective crime." *State* v. *Beccia,* 199 Conn. 1, 3, 505 A.2d 683 (1986). It is a specific intent crime, requiring that conspirators intend to agree to commit a crime and intend to commit the particular offense which is the object of the conspiracy.[3] Conspirators must intend *"to commit the elements of the offense."* (Emphasis in original.) Id., 4. The state must, therefore, when a defendant is charged with conspiracy, prove beyond a reasonable doubt that the defendant, as a conspirator, intended to commit the elements of the substantive offense which was the sub-

[3] Both the state and the defendant agree that intent that a participant be armed is not an element of the crime of robbery in the first degree, and that a defendant could be found guilty of General Statutes § 53a-134 (a) (2) even if the defendant had not been armed with a deadly weapon, and did not intend that a participant armed with a deadly weapon during the crime be so armed. We do not read *State* v. *Crump,* 201 Conn. 489, 518 A.2d 378 (1986), or *State* v. *Failla,* 1 Conn. App. 524, 473 A.2d 1233 (1984), as negating the requirement in conspiracy cases that the state prove all of the elements of the conspiracy, including the intent to agree to commit a particular substantive offense.

ject of the conspiracy. Id., 3–4. A conspiracy to commit a substantive offense and the substantive offense are two separate and distinct offenses. *State* v. *Crump,* 201 Conn. 489, 497, 518 A.2d 378 (1986). *State* v. *Stevens,* 178 Conn. 649, 655, 425 A.2d 104 (1979). The two offenses must be independently examined, and a jury must be given sufficient instructions for such an independent examination. *State* v. *Williams,* 182 Conn. 262, 266, 438 A.2d 80 (1980).

In this case, there were ample evidentiary facts for the court to charge on conspiracy to commit robbery in the first degree. The conspiracy with which the defendant was charged was a conspiracy to commit armed robbery which required that either he or another participant in the robbery was armed with a deadly weapon. Both the defendant and another participant in the crime were armed with guns during the commission of the crime. All three participants were in the car when the defendant, according to the driver, stated that he was "prepared to spray someone." Although the defendant is correct in his claim that the state had to prove that the defendant conspired to commit robbery in the first degree, including a conspiracy to commit all of the elements of the substantive crime, as provided in § 53a-134 (a) (2), the state did so, and the court's charge on conspiracy was sufficient for the jury's guidance.

Here, the court gave separate instructions on robbery in the first degree and conspiracy to commit robbery in the first degree. It instructed the jury that the defendant, on the conspiracy count, was charged with intending to engage in conduct constituting armed robbery, and that the jury had to decide whether the defendant formed an agreement with one or more persons to commit robbery in the first degree. The court further stated that the state had to prove beyond a reasonable doubt that the defendant entered into an agree-

ment with at least one other person to commit robbery in the first degree, as that crime was previously explained by it, and that the defendant had to have intended that the acts necessary to commit robbery in the first degree, as alleged, be performed. The court carefully explained intent. We fail to find any deficiency in the court's instructions and therefore, find no error as to them.

The second claim of the defendant is that the crime of possession of a sawed-off shotgun[4] is a lesser included offense of the crime, as alleged in the state's information, of robbery in the first degree. The defendant claims that because the state, in its long form information particularized § 53a-134 (a) (2) by stating that the deadly weapon with which the defendant was armed was a sawed-off shotgun, that § 53a-211 (a) is a lesser included offense of § 53a-134 (a) (2). As such, the defendant argues, his conviction of a violation of § 53a-211 was prohibited by the double jeopardy clause of the United States constitution. The double jeopardy prohibition applies to the states because of the fourteenth amendment to the United States constitution. *State* v. *McCall,* 187 Conn. 73, 89, 444 A.2d 896 (1982). Double jeopardy attaches where multiple punishments are imposed for the same offense in a single trial. Id. The question to be resolved is whether the two offenses charged are actually one. It must be determined, by an examination of the statutes, the information, and the bill of particulars, if any, and exclusive of the evidence introduced, whether proof of the violation of one statute requires proof of the violation of the other statute. If the elements of the greater offense include all

---

[4] General Statutes § 53-211 (a) provides: "A person is guilty of possession of a sawed-off shotgun or silencer when he owns, controls or possesses any sawed-off shotgun that has a barrel of less than eighteen inches or an overall length of less than twenty-six inches or when he owns, controls or possesses any silencer designed to muffle the noise of a firearm during discharge."

of the elements of the lesser offense, then double jeopardy attaches. Id., 91; see also *State* v. *Amaral,* 179 Conn. 239, 425 A.2d 1293 (1979). "[T]he test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not." *Blockburger* v. *United States,* 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932).

In this case, the defendant could have committed the crime of robbery in the first degree, as alleged in the information, without having first committed the crime of owning, possessing or controlling a sawed-off shotgun. For a conviction under the latter crime, the state had to prove a particular barrel length and overall length which was not necessary for a conviction of the former crime. Also, the defendant could have been convicted under the former crime if another participant in the robbery had been armed with a dangerous weapon, whereas, under the latter, he could only be convicted if *he,* as opposed to a participant, controlled or possessed the shotgun. Furthermore, the state, in proving the elements of the crime of § 53a-134 (a) (2), need not have proven that the particular deadly weapon used in the commission of the crime was a sawed-off shotgun. The state need only have proved beyond a reasonable doubt that the defendant committed the offense in substantially the manner described in the information. The state was not limited to proving that the deadly weapon used in the commission of the crime was a sawed-off shotgun. See *State* v. *Killenger,* 193 Conn. 48, 52, 475 A.2d 276 (1984); *State* v. *Carter,* 189 Conn. 611, 630, 458 A.2d 369 (1983).

There is no error.

In this opinion the other judges concurred.