******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## SILAS HARRIS *v.* COMMISSIONER OF CORRECTION
### (AC 42165)

Bright, C. J., and Alvord and Bellis, Js.

*Syllabus*

The petitioner, who had been convicted of various crimes in connection with a riot at a correctional institution during which he assaulted a correctional officer, sought a writ of habeas corpus, claiming ineffective assistance of his appellate counsel and his prior habeas counsel. Following a hearing, the habeas court dismissed, pursuant to the applicable rule of practice (§ 23-29 (3)) governing successive petitions, the petitioner's habeas petition with respect to his claim of ineffective assistance of appellate counsel and denied the petition with respect to the claims of ineffective assistance of prior habeas counsel. Thereafter, the habeas court denied the petition for certification to appeal, and the petitioner appealed to this court. *Held*:

1. The habeas court did not abuse its discretion in denying the petition for certification to appeal, the petitioner having failed to demonstrate that his claims involved issues that were debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised were adequate to deserve encouragement to proceed further.

2. The petitioner could not prevail on his claim that the habeas court improperly denied his habeas petition with respect to his claim of ineffective assistance of his appellate counsel; although, contrary to that court's determination, the petitioner's claim was not barred by the doctrine of successive petitions, the petitioner having sought different relief from that which he had sought in his first habeas petition, this court concluded that the petitioner's claim of ineffective assistance of appellate counsel failed, as the petitioner could not demonstrate that he suffered prejudice as a result of appellate counsel's alleged deficient performance in failing to challenge on direct appeal the trial court's denial of his motion to sever his trial from that of his codefendant, the petitioner having failed to demonstrate that there was a reasonable probability that he would have prevailed on direct appeal had appellate counsel challenged the trial court's denial of that motion.

3. Because this court concluded that the petitioner's claim of ineffective assistance of his appellate counsel failed, his claim of ineffective assistance of his prior habeas counsel also failed, as it was dependent on whether appellate counsel rendered ineffective assistance on direct appeal.

Argued January 13—officially released July 20, 2021

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland and tried to the court, *Hon. Edward J. Mullarkey*, judge trial referee; judgment dismissing in part and denying in part the petition; thereafter, the court denied the petition for certification to appeal, and the petitioner appealed to this court. *Appeal dismissed.*

*Vishal K. Garg*, for the appellant (petitioner).

*Nancy L. Chupak*, senior assistant state's attorney, with whom, on the brief, were *Matthew C. Gedansky*, state's attorney, and *Jo Anne Sulik*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

ALVORD, J. The petitioner, Silas Harris, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court dismissing in part and denying in part his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the court abused its discretion in denying his petition for certification to appeal and improperly denied his amended petition for a writ of habeas corpus, in which he alleged ineffective assistance of (1) appellate counsel and (2) prior habeas counsel. We disagree and, accordingly, dismiss the petitioner's appeal.

Our Supreme Court on direct appeal summarized the underlying facts as reasonably found by the jury: "On April 19, 1990, at approximately 8:30 p.m., a fight broke out in the east mess hall of the Connecticut Correctional Institution at Somers, involving seventy-five to one hundred inmates who had gathered to share a meal in honor of the Islamic religious feast, Ramadan. Thirty-five correction officers responded in an attempt to restore order. During the incident, the [petitioner] injured [C]orrection [O]fficer Craig Jacobsen with a sharp instrument." *State* v. *Harris*, 227 Conn. 751, 754, 631 A.2d 309 (1993).

"The [petitioner] was charged in a substitute information with two counts of assault in the first degree in violation of General Statutes (Rev. to 1989) § 53a-59 (a) (1) and (3), and one count each of assault in the second degree in violation of General Statutes § 53a-60 (a) (5), rioting at a correctional institution in violation of General Statutes § 53a-179b, and possession of a weapon or dangerous instrument in a correctional institution in violation of General Statutes § 53a-174a. . . . He was found guilty by a jury of assault in the second degree, rioting at a correctional institution, and possession of a weapon or dangerous instrument in a correctional institution. He was also convicted of being a persistent serious felony offender in violation of General Statutes § 53a-40 (b). He was sentenced as a persistent serious felony offender to a term of imprisonment of ten years on the assault count and twenty-five years on the rioting count to run consecutively, and to a term of twenty-five years on the possession of a weapon count to run concurrently, for a total effective sentence of thirty-five years [of] imprisonment [(Tolland conviction)]. Thereafter, he appealed from the judgment of conviction to [our Supreme Court] pursuant to General Statutes § 51-199 (b) (3)." (Footnotes omitted.) Id., 752–54.

On direct appeal to our Supreme Court, the petitioner was represented by Attorney Daniel S. Fabricant. The petitioner challenged the Tolland conviction on the following grounds: (1) "there was insufficient evidence to support his conviction because the record [did] not contain proof beyond a reasonable doubt of his identity

as Jacobsen's assailant"; id., 757; (2) "the trial court improperly denied him access to Jacobsen's personnel file . . . [and] [w]ithout access to the file . . . he was denied his constitutional right to impeachment information under *Brady* v. *Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), and his constitutional right to confront witnesses against him as guaranteed by the sixth amendment to the United States constitution and article first, § 8, of the Connecticut constitution"; *State* v. *Harris*, supra, 227 Conn. 759–60; and (3) "the trial court abused its discretion by failing to read back to the jury certain portions of Jacobsen's testimony that counsel and the court earlier had agreed would be read." Id., 769. Our Supreme Court rejected the petitioner's claims and affirmed the judgment of conviction. Id., 772.

In 1997, the petitioner filed his first petition for a writ of habeas corpus challenging, inter alia, his Tolland conviction. After the appointment of Attorney David Rozwaski as habeas counsel, the habeas petition was amended to allege ineffective assistance by (1) Attorney John Donovan, his trial defense counsel in a New Haven criminal matter (New Haven conviction), for which the petitioner was incarcerated when he committed the offenses resulting in the Tolland conviction,[1] (2) Attorney Joette Katz, his appellate counsel in the direct appeal from the New Haven conviction,[2] (3) Attorney John Watson, his habeas counsel in a habeas action challenging the New Haven conviction, and (4) Fabricant, his appellate counsel in the direct appeal from the Tolland conviction.[3] The habeas court, *Fuger, J.*, either denied these claims or found them abandoned, and the petitioner's appeal therefrom was dismissed by this court. *Harris* v. *Commissioner of Correction*, 92 Conn. App. 903, 884 A.2d 22, cert. denied, 276 Conn. 933, 890 A.2d 572 (2005).

In 2011, the petitioner filed a second petition for a writ of habeas corpus challenging the Tolland conviction. Attorney Joseph Barbarie was appointed as habeas counsel. The petitioner's second habeas petition alleged that he had been illegally sentenced. On May 8, 2014, the habeas court, *Cobb, J.*, dismissed the habeas petition on the ground of procedural default. The petitioner appealed from the denial of his petition for certification to appeal but subsequently withdrew that appeal.

On March 2, 2015, the petitioner commenced the present habeas action. In a three count amended petition filed September 5, 2017, the petitioner claimed ineffective assistance by (1) Fabricant, his appellate counsel, (2) Rozwaski, his first habeas counsel, and (3) Barbarie, his second habeas counsel.

The matter was tried before the court, *Hon. Edward J. Mullarkey*, judge trial referee, on February 13 and 20, 2018. The petitioner testified and presented the testimony of his trial counsel, Attorney David Kritzman,

his first habeas counsel, Rozwaski, and his appellate counsel, Fabricant. The petitioner entered into evidence transcripts, copies of court documents, pleadings, briefs, and court decisions. No expert testified. At the request of the court, both parties filed posttrial briefs.

In its July 19, 2018 memorandum of decision, the court rejected the petitioner's claims. With respect to count one, the court concluded that "the petitioner is barred . . . from again litigating directly that Fabricant rendered ineffective assistance on appeal." The court reasoned that "[t]his claim was previously raised and litigated by the petitioner, notwithstanding the first habeas court deeming the claim abandoned at trial because the petitioner failed to present supporting evidence." Accordingly, the court dismissed the petitioner's claim in count one "pursuant to Practice Book § 23-29 (3) because it asserts the same ground (i.e., ineffective assistance of appellate counsel Fabricant) previously denied and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition."

With respect to counts two and three, the court first determined that "[t]he petitioner's claims . . . are premised on the allegations of ineffective assistance by . . . Fabricant, as alleged in count one. . . . Thus, to prove prior habeas counsel were ineffective as alleged, the petitioner must prove also that appellate counsel was ineffective." (Citation omitted.) Ultimately, the court determined that "the petitioner failed to prove that any counsel performed deficiently and clearly did not show that the outcome of the direct appeal or a prior habeas [action] would have been different." Thereafter, the court denied the petition for certification to appeal, and this appeal followed. Additional facts and procedural history will be set forth as necessary.

On appeal, the petitioner claims that the court abused its discretion in denying his petition for certification to appeal and improperly denied his amended petition for a writ of habeas corpus based on claims of ineffective assistance of (1) his appellate counsel, Fabricant, and (2) his first habeas counsel, Rozwaski.

I

We first address the petitioner's claim that the court abused its discretion in denying his petition for certification to appeal. We disagree.

General Statutes § 52-470 (g) provides: "No appeal from the judgment rendered in a habeas corpus proceeding brought by or on behalf of a person who has been convicted of a crime in order to obtain such person's release may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or, if such judge is unavailable, a judge of the Superior Court designated by the Chief Court Administrator, to certify that a ques-

tion is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies.”

“As our Supreme Court has explained, one of the goals our legislature intended by enacting this statute was to limit the number of appeals filed in criminal cases and [to] hasten the final conclusion of the criminal justice process . . . . [T]he legislature intended to discourage frivolous habeas appeals. . . . [Section] 52-470 (b)[4] acts as a limitation on the scope of review, and not the jurisdiction, of the appellate tribunal. . . .

“Faced with a habeas court’s denial of a petition for certification to appeal, a petitioner can obtain appellate review of the [disposition] of his [or her] petition for [a writ of] habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he [or she] must demonstrate that the denial of his [or her] petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he [or she] must then prove that the decision of the habeas court should be reversed on its merits. . . .

“To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . .

“In determining whether the habeas court abused its discretion in denying the petitioner’s request for certification, we necessarily must consider the merits of the petitioner’s underlying claims to determine whether the habeas court reasonably determined that the petitioner’s appeal was frivolous. In other words, we review the petitioner’s substantive claims for the purpose of ascertaining whether those claims satisfy one or more of the three criteria . . . adopted by [our Supreme Court] for determining the propriety of the habeas court’s denial of the petition for certification.” (Footnote in original; internal quotation marks omitted.) *Whistnant* v. *Commissioner of Correction*, 199 Conn. App. 406, 414–15, 236 A.3d 276, cert. denied, 335 Conn. 969, 240 A.3d 286 (2020).

The petitioner requested certification to appeal the following issues: (1) “Did the [h]abeas [c]ourt err in holding that [the] petitioner’s right to effective assistance of appellate counsel was not violated by . . . Fabricant”; (2) “[d]id the [h]abeas [c]ourt err in holding that the petitioner’s right to effective assistance of habeas counsel was not violated by . . . Rozwaski”; and (3) “[d]id the [h]abeas [c]ourt err in holding that the petitioner’s right to effective assistance of habeas

counsel was not violated by . . . Barbarie." The petitioner does not pursue on appeal the third issue regarding the performance of his second habeas counsel, Barbarie.[5]

For the reasons set forth in parts II and III of this opinion, we conclude that the petitioner has failed to demonstrate that (1) his claims involve issues that are debatable among jurists of reason, (2) a court could resolve the issues in a different manner, or (3) the questions are adequate to deserve encouragement to proceed further. See *Whistnant* v. *Commissioner of Correction*, supra, 199 Conn. App. 415. Thus, we conclude that the habeas court did not abuse its discretion in denying the petition for certification to appeal.

## II

Turning to the petitioner's first substantive claim on appeal, the petitioner asserts that the court improperly denied his amended petition for a writ of habeas corpus with respect to his claim of ineffective assistance of appellate counsel, Fabricant.[6] Specifically, the petitioner argues that his claim of ineffective assistance of appellate counsel (1) "was not barred by the doctrine of successive petitions with respect to his first habeas proceeding" and (2) "should have been granted on its merits." We conclude that the court did not abuse its discretion in denying the petition for certification to appeal with regard to this claim.

## A

The petitioner first argues that his "claim of ineffective assistance of appellate counsel was not barred by the doctrine of successive petitions with respect to his first habeas proceeding . . . ." In support of this argument, the petitioner contends that (1) "[he] sought different relief [at the first habeas] proceeding," (2) "the claim was not actually litigated on its merits at the first habeas proceeding," and (3) "the legal standard applicable to the claim raised at the first [habeas] proceeding was different than the legal standard that applied in this proceeding."[7] We agree that the petitioner's claim of ineffective assistance of his appellate counsel, Fabricant, is not barred by the doctrine of successive petitions.

The following additional facts and procedural history are relevant to our discussion of this argument. Both the petitioner's first and present petitions for a writ of habeas corpus alleged ineffective assistance of his appellate counsel, Fabricant.

In count four of his first habeas petition, the petitioner alleged that Fabricant's performance was deficient because "he did not raise on the direct appeal a double jeopardy claim with respect to the prior convictions which were used in the persistent felony offender charge and conviction." Specifically, the petitioner argued that evidence of "the possession of a sawed-off

shotgun conviction from his New Haven case should not have been used as a ground for his conviction as a persistent felony offender in his [Tolland] case." The petitioner therefore argued that "his conviction [as a persistent felony offender] . . . was unlawful . . . and should have been challenged on appeal." As relief, the petitioner requested that the habeas court vacate and set aside the Tolland conviction for being a persistent felony offender. The habeas court, *Fuger, J.*, found that the petitioner had abandoned this claim of ineffective assistance by Fabricant. *Harris* v. *Warden*, Superior Court, judicial district of Tolland, Docket No. CV-97-0002609 (June 24, 2003).

In count one of his present habeas petition, the petitioner alleges that Fabricant's performance was deficient because he (1) "failed to challenge the trial court's improper denial of the petitioner's motion to sever his trial from that of his codefendant," (2) "failed to challenge the trial court's improper denial of the petitioner's request to transfer prosecution due to pervasive and prejudicial pretrial media coverage," (3) "failed to challenge [the] trial court's error in denying the petitioner's multiple objections that the racial composition of the jury pool did not represent a fair cross section of the community," (4) "failed to challenge the trial [court's] decision to require the petitioner to testify before the jury in handcuffs and leg irons," and (5) "failed to challenge the trial court's improper denial of the petitioner's request to poll the jury immediately following [when] the verdict of guilty was announced." As relief, the petitioner requested that the habeas court vacate the Tolland conviction in its entirety.

In its response to the petitioner's amended habeas petition, the respondent, the Commissioner of Correction, contended that the petitioner's claim is successive and must be dismissed pursuant to Practice Book § 23-29 (3). Specifically, the respondent argued that the petitioner is barred from relitigating the claim of ineffective assistance by Fabricant because he previously raised the same legal claim in a prior habeas petition. In response, the petitioner argued that no court previously had addressed the merits of his claim, and, therefore, it is not successive.

In its memorandum of decision, the habeas court found: "[T]he petitioner's claims against Fabricant [in the present habeas petition] are both more numerous and broader than in the [first] habeas corpus petition. . . . The legal basis in the [first] and the present petition—ineffective assistance by Fabricant on appeal from the Tolland conviction—are identical. The five grounds of deficient performance by Fabricant alleged in the present [habeas petition] could have been raised in the [first] habeas [petition], for the five purported failures are based on the trial court record." Accordingly, the habeas court dismissed the petitioner's claim

of ineffective assistance of Fabricant pursuant to Practice Book § 23-29 (3).

Our standard of review is well established. "The conclusions reached by the [habeas] court in its decision to dismiss the habeas petition are matters of law, subject to plenary review. . . . Thus, [w]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct . . . and whether they find support in the facts in the record." (Internal quotation marks omitted.) *Kondjoua* v. *Commissioner of Correction*, 201 Conn. App. 627, 632, 243 A.3d 352 (2020), cert. denied, 336 Conn. 907, 243 A.3d 1181 (2021).

"Our courts have repeatedly applied the doctrine of res judicata to claims duplicated in successive habeas petitions filed by the same petitioner. . . . In fact, the ability to dismiss a petition [if] it presents the same ground as a prior petition previously denied and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition is memorialized in Practice Book § 23-29 (3)."[8] (Internal quotation marks omitted.) *Gudino* v. *Commissioner of Correction*, 191 Conn. App. 263, 270, 214 A.3d 383, cert. denied, 333 Conn. 924, 218 A.3d 67 (2019). "Thus, a subsequent petition alleging the same ground as a previously denied petition will elude dismissal if it alleges grounds not actually litigated in the earlier petition and if it alleges new facts or proffers new evidence not reasonably available at the time of the earlier petition." (Internal quotation mark omitted.) *Johnson* v. *Commissioner of Correction*, 168 Conn. App. 294, 306, 145 A.3d 416, cert. denied, 323 Conn. 937, 151 A.3d 385 (2016).

Nevertheless, "[a] petitioner may bring successive petitions on the same legal grounds if the petitions seek different relief. . . . But where successive petitions are premised on the same legal grounds and seek the same relief, the second petition will not survive a motion to dismiss unless the petition is supported by allegations and facts not reasonably available to the petitioner at the time of the original petition." (Internal quotation marks omitted.) *Parker* v. *Commissioner of Correction*, 169 Conn. App. 300, 309, 149 A.3d 174, cert. denied, 324 Conn. 903, 151 A.3d 1289 (2016).

In the present habeas petition, the petitioner seeks different relief for the claim of ineffective assistance of Fabricant than he previously sought in his first habeas petition. With respect to the claim of ineffective assistance of Fabricant in his first habeas petition, the petitioner sought as relief to vacate only his conviction for being a persistent serious felony offender and either a retrial on that issue alone or a resentencing. The petitioner, however, effectively abandoned that claim and the grounds were not actually litigated in the first habeas proceeding. With respect to the claim of ineffective assistance of Fabricant in the present habeas peti-

tion, the petitioner seeks as relief to vacate the entirety of the Tolland conviction and to return the case to the trial court for a new criminal trial. See *Johnson* v. *Commissioner of Correction*, 131 Conn. App. 805, 808, 29 A.3d 166 (2011) ("[f]or claims of ineffective assistance of appellate counsel, we must assess whether there is a reasonable probability that, but for appellate counsel's failure to raise the issue on appeal, the petitioner would have prevailed [on] appeal, i.e., [obtaining] reversal of his conviction or granting of a new trial" (internal quotation marks omitted)). Accordingly, we conclude that the petitioner's claim of ineffective assistance of Fabricant in count one of his present habeas petition is not barred by the doctrine of successive petitions.

B

The petitioner next argues that the habeas court improperly denied his petition for a writ of habeas corpus with respect to his claim that Fabricant provided ineffective assistance. See footnote 6 of this opinion. In support of this argument, the petitioner contends that Fabricant's "performance was deficient because he failed to raise a multitude of meritorious issues on appeal," and that "[t]he petitioner suffered prejudice" as a result. We disagree.

The following additional facts and procedural history, as set forth by the habeas court, are relevant to this claim. In count one of his amended petition, the petitioner alleged that Fabricant rendered ineffective assistance by failing to challenge on direct appeal the trial court's denial of the following five defense motions: (1) his motion to sever his trial from that of his codefendant, Shawn Robinson, (2) his motion to change venue due to pretrial publicity, (3) his objections to the composition of the venire panel, (4) his motion to remove his leg irons before testifying at trial, and (5) his motion to poll the jury following the delivery of its guilty verdict.

At the habeas trial, Kritzman testified about his representation of the petitioner during his 1991 criminal trial resulting in the Tolland conviction. Kritzman strove to preserve as many issues as possible for the appeal. One such issue was the joint trial of the petitioner and his codefendant, Robinson.[9] The prosecutor had filed a motion to consolidate the two criminal matters, which was granted. Kritzman filed a motion to sever the petitioner's criminal case from Robinson's case, but the motion to sever was denied. According to Kritzman's assessment, the petitioner had a stronger defense than Robinson, the evidence against the petitioner was weaker than the evidence against Robinson, and the petitioner's courtroom behavior was calm while Robinson's was disruptive. Kritzman indicated that only one correction officer, Jacobson, identified the petitioner and that there was no physical evidence that implicated the petitioner. Kritzman also contested the jury pool

composition, which included no African-Americans, and submitted census data to the trial court in support of his challenge. With respect to the petitioner's restraints, Kritzman could not recall if the petitioner's leg irons were visible to the jury but testified that there may have been boxes or a curtain that hid the petitioner's legs under the table. Finally, Kritzman testified that he asked that the jurors be individually polled after the verdict because the jury had sent out several notes during deliberations, including a note that the jury was deadlocked five to one. The trial court gave a "Chip Smith" instruction,[10] and the jury thereafter deliberated and returned its verdict. Kritzman requested that the jurors be polled individually to confirm unanimity; however, the trial court denied his motion.[11]

Fabricant testified about his representation of the petitioner during his 1993 appeal from the Tolland conviction. It was Fabricant's practice as appellate counsel to review the record, although he could not specifically recall reviewing the record in this case, and to identify legal issues to raise on appeal. Fabricant acknowledged that reasonable legal minds can differ about which claims to raise on appeal. A trial court's use of discretion, according to Fabricant, is difficult to reverse on appeal, and appellate claims seeking to do so are not particularly fruitful.[12] Fabricant sometimes did consult with clients or trial counsel, but he did not recall if he did so while he handled the petitioner's direct appeal. On cross-examination, Fabricant conceded that appellate claims are limited to the record, even claims not specifically preserved by trial counsel's objections, and that appellate counsel cannot raise claims unsupported by the record.

Finally, the petitioner testified as to Fabricant's representation during his appeal from the Tolland conviction. According to the petitioner, the five claims that form the basis for all of the grounds of ineffective assistance are claims that he would have raised had he been able to discuss them with his appellate counsel.[13] The petitioner testified that there was a possibility that the jury saw the restraints used on him during trial and that the jury knew about him being handcuffed. Moreover, the petitioner testified that he was prejudiced by Robinson's courtroom antics and outbursts.

The habeas court determined that "[t]he petitioner's posttrial brief only analyzes one of the five grounds for ineffective assistance [of appellate counsel]: that appellate counsel failed to raise a claim challenging the trial court's denial of the motion to sever the petitioner's trial from that of his codefendant Robinson. While the petitioner's posttrial brief also incorporates his arguments in the pretrial brief, and the pretrial brief analyzes all five grounds, that analysis is in the abstract based on the cold record as it existed prior to the testimony in the present matter. Thus, the court can deem the

other four grounds to have been abandoned."[14] Furthermore, the court concluded that, "even if the four grounds not briefed in the petitioner's posttrial brief are not deemed abandoned, the petitioner failed to prove that [appellate] counsel performed deficiently and clearly did not show that the outcome of the direct appeal . . . would have been different."

Specifically, with respect to the petitioner's motion to sever his trial from that of Robinson, the habeas court found that there was scant testimony presented on that claim.[15] Each codefendant previously had filed motions to sever their respective criminal trials from the other codefendants, but all prior motions for severance were denied. Each codefendant renewed their motions for severance and counsel made their respective arguments.[16] The trial court, relying on its previous denial of the motions for severance, denied the renewed motions.[17] The court indicated that it would give proper instructions to the jury. Robinson and the petitioner were convicted and had their respective appeals decided by our Supreme Court.[18] See *State* v. *Robinson*, 227 Conn. 711, 716, 631 A.2d 288 (1993) (raising nine claims on direct appeal); *State* v. *Harris*, supra, 227 Conn. 752 (raising three claims on direct appeal). Neither of these two direct appeals involved a claim as to the trial court's denials of the motions for severance.

We first set forth our standard of review. "Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Humble* v. *Commissioner of Correction*, 180 Conn. App. 697, 703–704, 184 A.3d 804, cert. denied, 330 Conn. 939, 195 A.3d 692 (2018).

"The sixth amendment to the United States constitution guarantees a criminal defendant the assistance of counsel for his defense. . . . It is axiomatic that the right to counsel is the right to the effective assistance of counsel. . . . To succeed on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two-pronged test articulated in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Strickland* requires that a petitioner satisfy both a performance and a prejudice prong. To satisfy the performance prong, a claimant must demonstrate that counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the [s]ixth [a]mendment. . . . To satisfy the prejudice prong, a claimant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different. . . . Although a petitioner can succeed only if he satisfies both prongs, a reviewing court can find against the petitioner on either ground. . . .

"We . . . are mindful that [a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. . . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. . . . Similarly, the United States Supreme Court has emphasized that a reviewing court is required not simply to give [counsel] the benefit of the doubt . . . but to affirmatively entertain the range of possible reasons . . . counsel may have had for proceeding as [he or she] did. . . .

"In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. . . . Instead, *Strickland* asks whether it is reasonably likely the result would have been different. . . . The likelihood of a different result must be substantial, not just conceivable. . . . In a habeas proceeding, the petitioner's burden of proving that a fundamental unfairness had been done is not met by speculation . . . but by demonstrable realities. . . .

"The two-pronged test set forth in *Strickland* equally applies to claims of ineffective assistance of appellate counsel. . . . Although appellate counsel must provide effective assistance, he [or she] is not under an obligation to raise every conceivable issue. A brief that raises every colorable issue runs the risk of burying good arguments . . . in a verbal mound made up of strong and weak contentions. . . . Indeed, [e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues. . . . Most cases present only one, two, or three significant questions. . . . The effect of adding weak arguments will be to dilute the force of stronger ones. . . . Finally, [i]f the issues not raised by [the petitioner's] appellate counsel lack merit, [the petitioner] cannot sustain even the first part of this dual burden since the failure to pursue unmeritorious claims cannot be considered conduct falling below the level of reasonably competent representation. . . . To

establish that the petitioner was prejudiced by appellate counsel's ineffective assistance, the petitioner must show that, but for the ineffective assistance, there is a reasonable probability that, if the issue were brought before us on direct appeal, the petitioner would have prevailed. . . . To ascertain whether the petitioner can demonstrate such a probability, we must consider the merits of the underlying claim." (Citations omitted; internal quotation marks omitted.) *Davis* v. *Commissioner of Correction*, 198 Conn. App. 345, 352–55, 233 A.3d 1106, cert. denied, 335 Conn. 948, 238 A.3d 18 (2020).

To succeed on his claim that Fabricant provided ineffective assistance under the prejudice prong, the petitioner must show that had counsel challenged on direct appeal the trial court's denial of his motion for severance, there is a reasonable probability that he would have prevailed on that issue. See id., 355. At the time of the petitioner's direct appeal, the standard of review that would have applied to that issue was as follows: "Whether to consolidate or sever the trials of defendants involved in the same criminal incident lies within the sound discretion of the trial court. . . . Joint trials of persons jointly indicted or informed against are the rule, and separate trials the exception resting in the discretion of the court. . . . A separate trial will be ordered where the defenses of the accused are antagonistic, or evidence will be introduced against one which will not be admissible against others, and it clearly appears that a joint trial will probably be prejudicial to the rights of one or more of the accused. The test for the trial court is whether substantial injustice is likely to result unless a separate trial be accorded. . . . In the determination of whether substantial injustice is likely to result from a joint trial or whether such injustice has in fact resulted, an important factor to consider is whether the defenses of the codefendant are incompatible and completely antagonistic to each other." (Citations omitted; internal quotation marks omitted.) *State* v. *Smith*, 201 Conn. 659, 668–69, 519 A.2d 26 (1986).

At the underlying criminal trial, the defenses of Robinson and the petitioner were not incompatible. See id., 669. Robinson and the petitioner were tried for charges pertaining to the assaults of different correctional officers. See footnote 18 of this opinion. Because Robinson was tried for charges pertaining to the assault of David Serkosky while the petitioner was tried for charges pertaining to the assault of Jacobsen, evidence used to establish Robinson's guilt did not tend to demonstrate the petitioner's guilt. Moreover, Robinson's defense was not completely antagonistic to the petitioner. See *State* v. *Smith*, supra, 201 Conn. 669. Robinson did not implicate the petitioner by claiming that he was involved in the assault of Serkosky, nor did he testify with respect to the assault of Jacobsen. Finally, the trial court prop-

erly instructed the jury that each count for each defendant must be treated separately, as must the evidence proffered for each count. Accordingly, we conclude that the petitioner has failed to demonstrate that there is a reasonable probability that he would have prevailed on direct appeal had Fabricant challenged on direct appeal the trial court's denial of the petitioner's motion for severance.

Because the petitioner cannot demonstrate that he has suffered prejudice as a result of any alleged deficiency in Fabricant's performance, we conclude that the petitioner's claim of ineffective assistance of appellate counsel fails. See *Kondjoua* v. *Commissioner of Correction*, supra, 194 Conn. App. 801 ("An ineffective assistance of counsel claim will succeed only if both prongs [of *Strickland*] are satisfied. . . . It is axiomatic that courts may decide against a petitioner on either prong [of the *Strickland* test], whichever is easier . . . . In its analysis, a reviewing court may look to the performance prong or the prejudice prong, and the petitioner's failure to prove either is fatal to a habeas petition." (Internal quotation marks omitted.)). Accordingly, the petitioner has failed to demonstrate that the resolution of this claim involves an issue that is debatable among jurists of reason, that a court could resolve the issue in a different manner, or that the question is adequate to deserve encouragement to proceed further. See *Whistnant* v. *Commissioner of Correction*, supra, 199 Conn. App. 415. We, therefore, conclude that the habeas court did not abuse its discretion in denying the petition for certification to appeal with respect to this claim.

### III

Turning to the petitioner's final substantive claim on appeal, the petitioner asserts that the habeas court improperly denied his petition for a writ of habeas corpus with respect to his claim of ineffective assistance of his first habeas counsel, Rozwaski. The petitioner argues that, although Rozwaski had "pleaded a claim of ineffective assistance of appellate counsel . . . [he] made no meaningful effort to pursue that claim at the habeas trial" and "entirely fail[ed] to present evidence in support of the claim." Specifically, the petitioner alleges that Rozwaski was ineffective because "[h]e did not present testimony from the petitioner's appellate counsel; nor did he present any other evidence that suggested that appellate counsel's performance fell below the standard of care for reasonably competent attorneys." We disagree.

The habeas court correctly determined that the petitioner's claim of ineffective assistance of habeas counsel is dependent on whether his appellate counsel, Fabricant, rendered ineffective assistance on direct appeal from his conviction. "[When] applied to a claim of ineffective assistance of prior habeas counsel, the *Strick-*

*land* standard requires the petitioner to demonstrate that his prior habeas counsel's performance was ineffective and that this ineffectiveness prejudiced the petitioner's prior habeas proceeding. . . . [T]he petitioner will have to prove that one or both of the prior habeas counsel, in presenting his claims, was ineffective and that effective representation by habeas counsel establishes a reasonable probability that the habeas court would have found that he was entitled to reversal of the conviction and a new trial . . . . Therefore, as explained by our Supreme Court in *Lozada* v. *Warden*, 223 Conn. 834, 613 A.2d 818 (1992), a petitioner claiming ineffective assistance of habeas counsel on the basis of ineffective assistance of trial counsel must essentially satisfy *Strickland* twice: he must prove both (1) that his appointed habeas counsel was ineffective, and (2) that his trial counsel was ineffective." (Citation omitted; emphasis omitted; internal quotation marks omitted.) *Lapointe* v. *Commissioner of Correction*, 113 Conn. App. 378, 394, 966 A.2d 780 (2009). Because we have concluded in part II of this opinion that the petitioner's claim of ineffective assistance of his appellate counsel fails, we conclude that the petitioner's claim of ineffective assistance of his first habeas counsel, Rozwaski, also fails. Accordingly, the petitioner has failed to demonstrate that the resolution of this claim involves an issue that is debatable among jurists of reason, that a court could resolve the issue in a different manner, or that the question is adequate to deserve encouragement to proceed further. See *Whistnant* v. *Commissioner of Correction*, supra, 199 Conn. App. 415. We, therefore, conclude that the habeas court did not abuse its discretion in denying the petition for certification to appeal with respect to this claim.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] See *State* v. *Harris*, 11 Conn. App. 397, 527 A.2d 724, cert. denied, 205 Conn. 801, 529 A.2d 719 (1987).

[2] The habeas court, *Fuger, J.*, found that the petitioner had abandoned the claim of ineffective assistance by Katz and that, even if he had not, the claim lacked merit. *Harris* v. *Warden*, Superior Court, judicial district of Tolland, Docket No. CV-97-0002609 (June 24, 2003).

[3] The habeas court, *Fuger, J.*, found that the petitioner had abandoned the claim of ineffective assistance by Fabricant. *Harris* v. *Warden*, Superior Court, judicial district of Tolland, Docket No. CV-97-0002609 (June 24, 2003).

[4] " 'Pursuant to No. 12-115, § 1, of the 2012 Public Acts, subsection (b) of § 52-470 was redesignated as subsection (g).' *Villafane* v. *Commissioner of Correction*, 190 Conn. App. 566, 572 n.1, 211 A.3d 72, cert. denied, 333 Conn. 902, 215 A.3d 160 (2019)." *Whistnant* v. *Commissioner of Correction*, 199 Conn. App. 406, 414 n.8, 236 A.3d 276, cert. denied, 335 Conn. 969, 240 A.3d 286 (2020).

[5] In his principal appellate brief, reply brief and statement of issues, the petitioner claims that the habeas court improperly denied his claims of ineffective assistance of his appellate counsel, Fabricant, and his first habeas counsel, Roswaski. The petitioner, however, provides no mention or analysis of his claim that the habeas court improperly denied his claim of ineffective assistance of his second habeas counsel, Barbarie. "We repeatedly have stated that [w]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [When] a claim is asserted

in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned. . . . For a reviewing court to judiciously and efficiently . . . consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs." (Citations omitted; internal quotation marks omitted.) *Burton* v. *Dept. of Environmental Protection*, Conn. , , A.3d (2021). Accordingly, the petitioner's claim that the habeas court improperly denied his claim of ineffective assistance of his second habeas counsel, Barbarie, was abandoned.

[6] We note that, although the petitioner asserts that the court denied the habeas petition with respect to his claim as to Fabricant, the court, in fact, dismissed it pursuant to Practice Book § 23-29 (3).

[7] The petitioner notes in his principal appellate brief that "[t]he legal standard at the time of [his] first habeas corpus petition required assessing prejudice under *Bunkley* v. *Commissioner of Correction*, [222 Conn. 444, 610 A.2d 598 (1992), overruled in part by *Small* v. *Commissioner of Correction*, 286 Conn. 707, 946 A.2d 1203, cert. denied sub nom. *Small* v. *Lantz*, 555 U.S. 975, 129 S. Ct. 481, 172 L. Ed. 2d 336 (2008)]." The *Bunkley* standard of prejudice required a petitioner to show that, "as a result of [appellate counsel's deficient] performance, there remains a probability sufficient to undermine confidence in the verdict that resulted in his appeal. Put another way, he must establish that, because of the failure of his appellate counsel . . . there is a reasonable probability that he remains burdened by an unreliable determination of his guilt." Id., 454. The petitioner further notes that *Bunkley* was overruled by our Supreme Court's decision in *Small* v. *Commissioner of Correction*, 286 Conn. 707, 946 A.2d 1203, cert. denied sub nom. *Small* v. *Lantz*, 555 U.S. 975, 129 S. Ct. 481, 172 L. Ed. 2d 336 (2008) (2008). The *Small* standard of prejudice requires a petitioner to show that there is a reasonable probability that, but for appellate counsel's deficient performance, the petitioner would have prevailed in his or her direct appeal. Id., 722. The petitioner argues that, "[b]ecause the legal standard for assessing prejudice was different at the time of the first habeas proceeding, the issues at that proceeding were not identical to the issue in the proceeding below, and the petitioner's claim of ineffective assistance of appellate counsel was not precluded as successive." Because we agree with the petitioner that his claim is not barred by the doctrine of successive petitions on other grounds, we need not address this alternative argument.

[8] Practice Book § 23-29 provides in relevant part: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . . (3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition . . . ."

[9] Our Supreme Court affirmed Robinson's conviction. *State* v. *Robinson*, 227 Conn. 711, 631 A.2d 288 (1993).

[10] See, e.g., *State* v. *O'Neil*, 261 Conn. 49, 51 n.2, 801 A.2d 730 (2002) ("[a] Chip Smith instruction reminds the jurors that they must act unanimously, while also encouraging a deadlocked jury to reach unanimity" (internal quotation marks omitted)).

[11] Kritzman did not testify with respect to the petitioner's motion to change venue.

[12] In his principal appellate brief, the petitioner argues that Fabricant's performance was deficient because he "offered no reasonable strategic basis" for his decisions not to challenge on direct appeal the court's denial of the five defense motions. The petitioner further argues that, "[t]he habeas court made a clearly erroneous factual finding by concluding that [Fabricant's] strategy when deciding which claims to pursue was to avoid claims challenging the lower court's discretion, and that his decision not to pursue a joinder claim was based on that strategy." The petitioner contends that, "[b]ecause that finding formed the entire basis for the habeas court's conclusion that [Fabricant's] performance was not deficient, this court must reverse the habeas court's decision on that point and remand the case for a new trial on the issue of deficient performance." Because we conclude that the petitioner's claim of ineffective assistance by Fabricant fails on the prejudice prong of the test set forth in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), we need not address the petitioner's arguments with respect to the quality of Fabricant's performance. See *Kondjoua* v. *Commissioner of Correction*, 194 Conn. App. 793, 801, 222 A.3d 974 (2019) ("An ineffective assistance of counsel claim will succeed only if both prongs [of *Strickland*] are satisfied. . . . It is axiomatic that courts may

decide against a petitioner on either prong [of the *Strickland* test], whichever is easier . . . . In its analysis, a reviewing court may look to the performance prong or the prejudice prong, and the petitioner's failure to prove either is fatal to a habeas petition." (Internal quotation marks omitted.)), cert. denied, 334 Conn. 915, 221 A.3d 809 (2020).

[13] The habeas court noted that "[n]o prior counsel for the petitioner testified that the claims the petitioner testified he wanted raised would have been raised simply because he wanted them raised on direct appeal or in a prior [petition for a writ of] habeas corpus."

[14] On appeal, the petitioner claims that the habeas court improperly concluded that he had abandoned the following four grounds of ineffective assistance by Fabricant, namely, that Fabricant failed to challenge on direct appeal the trial court's denial of the petitioner's motions (1) to transfer the trial due to pretrial publicity, (2) to dismiss the jury pool for failure to represent a fair cross section of the community, (3) to remove his leg irons during his testimony, and (4) to poll the jury following the verdict. We disagree.

The following standard of review and legal principles are applicable here. "Because . . . the idea of abandonment involves both a factual finding by the trial court and a legal determination that an issue is no longer before the court, we will treat this claim as one of both law and fact. Accordingly, we will accord it plenary review." *Solek* v. *Commissioner of Correction*, 107 Conn. App. 473, 479, 946 A.2d 239, cert. denied, 289 Conn. 902, 957 A.2d 873 (2008). Pursuant to Practice Book § 5-2, "[a]ny party intending to raise any question of law which may be the subject of an appeal must either state the question distinctly to the judicial authority in a written trial brief under Section 5-1 or state the question distinctly to the judicial authority on the record before such party's closing argument and within sufficient time to give the opposing counsel an opportunity to discuss the question. If the party fails to do this, the judicial authority will be under no obligation to decide the question." Practice Book § 5-1 provides: "The parties shall, if the judicial authority so orders, file, at such time as the judicial authority shall determine, written trial briefs discussing the issues in the case and the factual or legal basis upon which they ought to be resolved."

In his pretrial brief, the petitioner addressed in part each of these four grounds of ineffective assistance by Fabricant. With respect to each ground, the petitioner set forth the relevant legal standards and facts pertaining to the trial court's consideration of his motions. The petitioner's pretrial brief, however, failed to set forth any analysis as to whether Fabricant rendered ineffective assistance for failing to challenge on direct appeal the trial court's denial of these motions. At the underlying habeas trial, the petitioner, likewise, adduced testimony and evidence with respect to these grounds insofar as what happened at his criminal trial. Following the close of evidence, the habeas court ordered posttrial briefing in lieu of closing argument. In his posttrial brief, the petitioner made no mention of any of these four grounds of ineffective assistance by Fabricant. Instead, the petitioner merely incorporated by reference the arguments that he made in his pretrial brief and addressed and analyzed only his claim that "Fabricant rendered ineffective assistance . . . by failing to challenge the trial court's denial of the petitioner's motion to sever his criminal trial from that of his codefendant . . . Robinson." Consequently, at no time, before or after the habeas trial, did the petitioner submit to the court any argument as to why Fabricant's failure to raise any of these four issues on appeal constituted deficient performance or how he was prejudiced by the failure to raise these issues. "The mere recital of . . . claims in a petition, without supporting oral or written argument, does not adequately place those claims before the court for its consideration." *Solek* v. *Commissioner of Correction*, supra, 107 Conn. App. 480–81. Accordingly, we conclude that the habeas court correctly determined that the petitioner abandoned these four grounds of ineffective assistance of appellate counsel.

[15] The petitioner summarized the habeas trial testimony as follows: "[T]he [c]ourt heard testimony from both trial counsel . . . Kritzman, and the petitioner . . . . Both witnesses testified to the prejudicial effect that the unruly behavior and frequent outbursts from . . . Robinson had on the [petitioner's] case."

[16] At the time of the renewed motion for severance, the petitioner, Robinson, and Perry Herring were codefendants, each represented by counsel. Herring resolved his criminal charges prior to trial.

[17] The habeas court noted that "[s]ome of the transcripts of the underlying criminal proceedings are no longer available, so the trial court's reasoning

for its denial of the initial motion for severance is unknown." In denying the petitioner's renewed motion for severance, the trial court reasoned that judicial economy supported joining the codefendants' trials and that any potential prejudice could be prevented with proper jury instruction.

[18] Robinson was convicted of assault in the second degree in violation of § 53a-60 (a) (5) for "slash[ing] [C]orrection [O]fficer David Serkosky on the right side of his neck with a sharp metal instrument"; (internal quotation marks omitted) *Robinson* v. *Commissioner of Correction*, 129 Conn. App. 699, 701, 21 A.3d 901, cert. denied, 302 Conn. 921, 28 A.3d 342 (2011); rioting at a correctional institution in violation of § 53a-179b, possession of a weapon or dangerous instrument in a correctional institution in violation of § 53a-174a, and being a persistent serious felony offender pursuant to § 53a-40 (b). Id., 700.

_____